Thomas A. HART, Joseph W. Hart, Samatha Barbara Wellbrock, Laura Disselkoen, Lois Hart, and Sarah Andrews and Herbert C. Willbrand, as Administrator of the Estate of William S. Hamilton, Deceased, Plaintiffs-Appellants,

v.

Elva DICK, Defendant-Respondent.

No. KCD 29440.

Missouri Court of Appeals, Kansas City District.

Aug. 28, 1978.

Scott O. Wright, Brown, Wright, Willbrand & Simon, Columbia, for plaintiffs-appellants.

Hampton Tisdale, Tisdale & Abele, Boonville, for defendant-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Plaintiffs, as the heirs at law of William S. Hamilton, filed an ejectment suit against Elva Dick. Elva responded with a counterclaim in which she requested specific performance of an oral contract for the purchase of the land involved. The court found against the plaintiffs on their action for ejectment and in favor of Elva on her counterclaim and decreed specific performance of the contract for sale.

On this appeal the plaintiffs contend the claim for specific performance is barred by the statute of limitations because such claim was not brought within ten years from the date the deed was to have been delivered. Affirmed.

The land in dispute was owned by Wathena H. Long. On her death title vested in her brother, William S. Hamilton, and a sister. The sister later conveyed her one-half interest to Hamilton so that Hamilton eventually obtained complete ownership. Wathena died in 1954, and in 1958 Hamilton, a lawyer and resident of Kentucky, visited Cooper County in connection with the administration of her estate. While in Missouri, Hamilton became acquainted with Herman Dick and his wife, Elva. During this visit Hamilton entered into an oral agreement with Herman to sell him the land for $2,500. The deed was to be delivered after Wathena's estate was closed. Under this agreement Herman was to take possession of the land, farm it, pay the taxes, and consider and treat it as his own until the deed was delivered.

After Hamilton returned to Kentucky he wrote Herman and his wife, Elva, a series of letters. The letters confirmed the oral agreement and authorized Herman to use the land as if he already had a deed. Herman entered into possession and later had a banker write Hamilton that the purchase price was available and would be paid as soon as merchantable title was delivered.

In December, 1961, Hamilton wrote Herman that Wathena's estate had been finally wound up, the order of final distribution entered and title vested solely in him. Herman also wrote, "I will write you later about making my deed to you. In the meantime, use the land as your own. At

first you told me you wanted the deed made to you and your son. Later you had changed your mind. You might tell me now to whom you want the deed made when I can get around to making it. . ."

Plaintiffs did not dispute the existence of the contract of sale or the fact that Herman and his wife took possession of the land in December, 1959, and remained in possession until the present suit was filed on October 30, 1974. By the time suit was filed, Hamilton and Herman Dick had both died. It was further undisputed that Herman had paid all taxes on the land during the time he was in possession and had spent $4,125.20 for improvements.

On this appeal plaintiffs contend the court erred in finding there was not a specified time for Hamilton to deliver the deed and for that reason erred in failing to find the right to specific performance was barred by § 516.110, RSMo 1969, the ten-year statute of limitations.

The essential fact plaintiffs sought to establish in the trial court was that Hamilton agreed to deliver a deed upon the closing of Wathena's estate, and, therefore, the statute of limitations barred the action for specific performance because it was not filed within ten years after the estate was closed. The trial court made findings of fact and found there was no specific time fixed by the oral agreement or the written confirmations in the letters for Hamilton to deliver the deed. As a result, the court found the statute of limitations did not bar the granting of specific performance for the enforcement of the contract.

Plaintiffs' rely on the rule that a cause of action for breach of contract accrues and the right to sue arises on the failure to do the thing contracted for at the time and in the manner contracted. They contend the statute of limitations commences to run when the right to sue arises on an accrued cause of action.

 Plaintiffs are correct in their statement of the rule that the right to sue arises "on the failure to do the thing con-

tracted for at the time and in the manner contracted." *McCandlish v. Estate of Timberlake,* 497 S.W.2d 191, 195[1–3] (Mo.App. 1973). However, the trial court found no time was specified in the agreement for Hamilton to deliver the deed. If no exact time was specified then a cause of action did not accrue and the statute of limitations did not begin to run. Thus, the element which the plaintiffs were required to establish to defeat the claim of specific performance under the statute of limitations was an exact date on which it was agreed the deed would be delivered. Under *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976) the judgment of the trial court will not be disturbed if there is substantial evidence to support its finding. Here, there is substantial evidence from which the trial court could and did find that Hamilton did not make any agreement as to a specific time on which the deed would be delivered. Plaintiffs, of course, seek to rely on the evidence a deed would be delivered on the closing of Wathena's estate. However, the letters from Hamilton subsequent to the closing indicate the agreement was still in existence but that a deed would not be delivered until he got around to it. The indefiniteness of the time plaintiffs seek to establish as the date for delivery of deed, coupled with the letters from Hamilton, supply sufficient evidentiary foundation for the trial court's finding that no date was agreed upon for the delivery of the deed. That being true, specific performance was not barred by the statute of limitations.

The judgment is affirmed.

All concur.