_____

No. 95-1592
_____

James W. Smith,                        *
                                       *
      Plaintiff - Appellant,           *
                                       *
      v.                               *   Appeal from the United States
                                       *   District Court for the
                                       *   Eastern District of Missouri.
International Paper Company,            *
                                       *   **[PUBLISHED]**
      Defendant - Appellee.            *
_____

                  Submitted:  November 13, 1995

                      Filed:  June 24, 1996
_____

Before McMILLIAN and LOKEN, Circuit Judges, and DUPLANTIER,[*] District
      Judge.
_____

PER CURIAM.

      In this diversity action for breach of contract, the district court[1]
granted summary judgment in favor of defendant International Paper Company
("IP"), concluding that plaintiff James W. Smith failed to satisfy the
Missouri statute of frauds.  See Mo. Rev. Stat. § 432.010.  Smith appeals,
conceding that the statute of frauds applies to his alleged contract to
purchase an IP lumberyard, but arguing that he submitted sufficient
documentary evidence of that contract.  We affirm.

_____

      *The HONORABLE ADRIAN G. DUPLANTIER, United States District
      Judge for the Eastern District of Louisiana, sitting by
      designation.

      [1]The HONORABLE DAVID D. NOCE, United States Magistrate Judge
for the Eastern District of Missouri, presiding by consent of the
parties pursuant to 28 U.S.C. § 636(c)(1).

In 1989, IP decided to sell its retail lumberyard in Hannibal, Missouri. Smith, the lumberyard's manager, expressed an interest in buying it. Smith and IP eventually signed an Asset Purchase Agreement dated March 20, 1990 (the "March 20 Agreement"). However, Smith quickly concluded that the purchase price in the March 20 Agreement was too high. Therefore, he did not seek Small Business Administration financing, as the March 20 Agreement required, and notified IP that he did not intend to go forward under that Agreement.

Beginning in July 1990, Smith submitted a series of new purchase offers, which IP rejected. On November 16, he submitted another written offer, "subject to the approval of a local lending institution and the Small Business Administration." Three days later, an IP "E-mail" message requested confirmation that Smith's latest proposal included an undertaking to retain the lumberyard's employees; Smith agreed. On November 30, there was a telephone conversation between Smith and IP's comptroller. Crediting Smith's version of that conversation, as we must in reviewing the grant of summary judgment, the comptroller orally accepted Smith's November 16 offer, requesting that Smith provide a $10,000 down payment and the requisite financing commitment.

On December 4, Smith mailed IP a $10,000 check and a letter from Hannibal National Bank that was supportive but not a firm loan commitment. IP initially endorsed and deposited Smith's check. However, on December 21, IP wrote Smith rejecting his "conditional" offer. IP then returned Smith's $10,000 and sold the lumberyard for a lower price to a buyer with secure financing. Smith sued, claiming breach of a contract to sell him the lumberyard.

To satisfy the Missouri statute of frauds, a writing must contain all the essential terms of the contract and must be signed by the party to be charged. Several documents in combination may supply the essential terms of the contract, "as long as one

document refers to the other, or their contents clearly show they are related." Vess Beverages, Inc. v. Paddington Corp., 941 F.2d 651, 654 (8th Cir. 1991). Whether documents satisfy the statute of frauds is a question of law. Ahrens v. Dodd, 863 S.W.2d 611, 613 (Mo. App. 1992).

We agree with the district court that Smith has not satisfied the statute of frauds. Smith first contends that the March 20 Agreement satisfies the statute because the parties later simply modified its terms. This fact-intensive theory was not pleaded or argued in the district court and may not be raised initially on appeal. See Dorothy J. v. Little Rock Sch. Dist., 7 F.3d 729, 734 (8th Cir. 1993). Moreover, contracts required to be written under the statute of frauds may not be modified orally. See Warrenton Campus Shopping Ctr., Inc. v. Adolphus, 787 S.W.2d 852, 855 (Mo. App. 1990). Finally, the summary judgment record does not support this modification theory -- the March 20 Agreement provides that it may only be modified in writing, none of the later documents refer to that Agreement, and Smith himself testified that the March 20 Agreement "just died" and "went away."

None of the remaining documents of record, individually or in combination, contain either an offer by IP to sell the lumberyard, or IP's acceptance of an offer by Smith to buy it. IP's E-mail message concerning the retention of employees merely sought to clarify an implied term of Smith's cryptic November 16 offer. IP's deposit of Smith's $10,000 check is insufficient because part payment of the purchase price for real estate is not partial performance that removes an oral contract from the statute of frauds. See Gillespie v. Pulsifer, 655 S.W.2d 123, 126 (Mo. App. 1983). Smith may not flesh out the terms of these documents with parol evidence to satisfy the statute of frauds. Vess Beverages, 941 F.2d at 655-56 n.6.

When the party to be charged is the putative seller of real estate, there must be a writing signed by that party reflecting a promise to sell. Gillespie, 655 S.W.2d at 125. Because Smith failed to come forward with such a writing, the district court properly granted summary judgment dismissing his claim as barred by the Missouri statute of frauds. The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-