Linda CROSS and Joseph Cross, Plaintiffs/Appellants,

v.

DRURY INNS, INC., Drury Inn Lambert Place, L.P., Drury Development Corp., Druco Inc., Defendants,

American Standard, Inc., Defendant/Respondent.

No. ED 77554.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 21, 2000.

---

Mark T. McCloskey, Clayton, for appellants.

Kenneth J. Mallin, Elizabeth C. Carver, Bryan Cave LLP, St. Louis, for respondent.

CRANE, Judge.

Plaintiffs, Linda Cross and Joseph Cross, filed an action against the owners and operators of a Drury Inn hotel (hotel) and American Standard, Inc. (American Standard) to recover damages arising out of injuries suffered by Linda Cross when she slipped and fell on water on the bathroom floor of her hotel room. Water had unexpectedly diverted from the tub spout to the showerhead, which was pointed towards the bathroom, and sprayed out onto the floor. The trial court entered summary judgment in favor of American Standard on a record containing American Standard's motion, plaintiffs' response, American Standard's reply, plaintiffs' supplemental opposition, and the attachments to each of these pleadings. On appeal, plaintiffs challenge the entry of summary judgment on the strict liability and negligence counts. We reverse the summary judgment on these counts and remand without prejudice to refile.

## PROCEDURAL BACKGROUND

Plaintiffs originally filed this lawsuit in February, 1997, against the hotel. They subsequently filed a Second Amended Petition in twelve counts adding American Standard as a defendant. In counts three through eleven, Linda Cross sought damages against American Standard on the theories of negligence, negligence-failure to warn, strict liability-product defect, strict liability-failure to warn, and breach of warranty. In count twelve Joseph Cross, Linda Cross's former husband, sought damages for loss of consortium against both the hotel owners and operators and American Standard.

The parties conducted discovery and, on December 30, 1999, American Standard filed a motion for summary judgment on counts three through twelve on the grounds that plaintiffs did not and could not produce evidence to support the claim that the diverter valve in the tub spout was defective at the time it was sold. American Standard based its motion on its claim that it was entitled to summary judgment as a matter of law because plaintiffs' only expert, Mark Ezra, testified that the diverter valve was not defectively designed and that his tests could not demonstrate that any hypothetical manufacturing defect would, in fact, cause

self-diversion. Plaintiffs filed a response in which they disputed that they would be unable to show a defect. They claimed that the deposition testimony of their expert, Mark Ezra, American Standard's expert, Thomas Hart, and four hotel employees established that the diverter valve malfunctioned and that an inference of a manufacturing defect could be drawn from this evidence. American Standard filed a nine-page reply and attached thereto a 22–paragraph affidavit by its expert, Thomas Hart. The trial court then heard the motion and took it under submission, but gave plaintiffs leave to file a supplemental response. Plaintiffs thereafter filed a four-page supplemental opposition to which they attached forty-two pages of materials, including exerpts from the depositions of five witnesses, correspondence with enclosures from the hotel's lawyers to plaintiffs' lawyers, an affidavit of a hotel employee, a hotel sub-contract, the hotel's answers to interrogatories, and an affidavit by its expert, Mark Ezra.

The trial court subsequently entered an order and partial judgment in which it granted American Standard's motion for summary judgment. The court certified that there was no just reason for delay and ruled that the order granting summary judgment was a final and appealable judgment.

### DISCUSSION

In their two points relied on, plaintiffs challenge the entry of summary judgment in favor of American Standard on the strict liability and negligence counts of plaintiffs' petition, counts three through ten. They argue that the summary judgment record contains evidence from which a trier of fact could find that the diverter valve was defective. We do not reach the merits of this appeal because we reverse and remand on procedural grounds.

■ Rule 74.04(b) allows a defending party to file a motion for summary judgment. Rule 74.04(c)(1) sets out the procedural requirements for that motion and provides in part that such motion "shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts." A summary judgment movant who is a "defending party" need not controvert each element of a non-movant's claim to establish a right to summary judgment. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 381 (Mo. banc 1993). Rather, a defending party may establish that right by showing:

(1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Id.* Each of these means establishes a right to summary judgment as a matter of law. *Id.*

■ Once the moving party has made this prima facie showing, the burden shifts to the non-movant, who "may not rest upon the mere allegations or denials of his pleading," but whose response, "by affidavits or as otherwise provided in Rule 74.04, *shall set forth specific facts* showing that there is a genuine issue for trial." *Id.;* Rule 74.04(e). Rule 74.04(c)(2) requires that the response be served within thirty days, and further requires the non-movant to

admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs, shall state the reason for each denial, shall set out each additional material fact that remains in dispute, and shall support each factual statement

asserted in the response with specific references to where each fact appears in the pleadings, discovery or affidavits.

This subsection also allows a continuance for further discovery.

■ Rule 74.04(c)(3) provides for the trial court to rule after the response has been filed or the time for filing the response has expired. This rule does not authorize further pleadings. *New Prime, Inc. v. Professional Logistics Management Co., Inc.*, 28 S.W.3d 898 (Mo.App.2000). Rather, the rule contemplates that the trial court should only consider the motion and the response in deciding whether the motion should be granted. *Id.*

■ Trial courts may permit the parties to present further argument on the motion by means of reply memoranda, oral argument, or post-hearing memoranda, and the parties may bring defects in the affidavits or other supporting materials to the trial court's attention by motion to strike or objection. A different question is presented, however, when a summary judgment movant wishes to expand the grounds for the motion or enlarge the record after the motion and response have been filed. This district has permitted the trial court to consider documents attached to a reply memorandum in accord with Rule 74.04(e)[1] if those documents supplemented or opposed affidavits but did not raise new issues, grounds, or arguments. *Smart v. Chrysler Corp.*, 991 S.W.2d 737, 741 (Mo.App.1999); *Palermo v. Tension Envelope Corp.*, 959 S.W.2d 825, 827 (Mo. App.1997). However, no case has sanctioned the filing of materials raising new factual issues, grounds, or arguments. We do not find any authority to do so in Rule 74.04(e) or elsewhere.

■ Rule 74.04(e) by its own terms gives trial courts discretion to permit only affidavits to be supplemented or opposed. It does not authorize supplementation of the motion or response. Rule 74.04(c) dic-

tates a specific format for a motion and response in order to clarify the areas of dispute and eliminate the need for the trial or appellate court to sift through the record to identify factual disputes. All facts must come into the summary judgment record in the manner required by Rule 74.04(c)(1) and (2), that is, in the form of a pleading containing separately numbered paragraphs and a response addressed to those numbered paragraphs.

■ When a movant needs to supplement the motion with new facts, the movant should withdraw the original motion and file a new or amended motion incorporating the additional evidence. *New Prime*, 28 S.W.3d at 904 fn. 4. A second motion for summary judgment based on an expanded record is permissible. *Id.; M & P Enterprises, Inc. v. Transamerica Financial Services*, 944 S.W.2d 154, 162 (Mo. banc 1997).

■ In this case, after plaintiffs filed their response, both parties filed additional pleadings to which they attached additional materials introducing new matters of fact, expert affidavits, and arguments. The first round of pleadings went to whether the evidence identified in the motion excluded the existence of a manufacturing defect or supported an inference of such a defect. The second round of pleadings incorporated new facts relating to the existence of other accidents and relating to misuse, abnormal use or other reasonable explanations for the malfunction. These gave rise to arguments about whether these additional facts would allow or prohibit such an inference, such as whether other accidents occurred in substantially similar circumstances or whether explanations for the malfunction were or were not negated.

These additional pleadings and the materials attached thereto did not come into the summary judgment record as part of the initial motion or response and thus

---

1. The relevant portion of Rule 74.04(e) permits affidavits filed to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

were not authorized by Rule 74.04(c). They were not authorized by Rule 74.04(e) because they did not supplement any affidavits and they added new facts and issues which expanded the scope of the summary judgment motion. Further, we cannot consider the reply and supplemental opposition to be an amended motion and response because these pleadings were not in the form required by Rule 74.04(c)(1) and (2). In particular, the reply did not set out additional material facts in a manner in which they could be admitted or denied and, as a result, the supplemental opposition did not attempt to specifically admit or deny particular factual statements contained in the reply. Further, the supplemental opposition did not support all of the additional facts relied on with documentation or affidavits meeting the requirements of Rule 74.04(e).

The parties may not waive noncompliance with Rule 74.04. *Miller v. Ernst & Young*, 892 S.W.2d 387, 389 (Mo. App.1995). This is not a situation in which the issues and documents are so clear that we may waive noncompliance and decide the appeal on the merits. For us to separate out what is properly in the record and then analyze that record by "separating fact from conclusion, admissions from disputes, the material from the immaterial" to determine if there was a genuine issue of fact would require us to become advocates for both parties, which is not our function. *Id.* In addition, both parties have identified facts and materials in their supplemental filings which they determined were pertinent to the resolution of the motion; it would not serve the interests of justice to attempt to apply the law to what is apparently less than the record the parties want considered. In this case both parties would be better served by resubmission of all of the issues in one motion and response in the form required by Rule 74.04(c)(1) and (2) so that the uncontroverted facts and any remaining factual issues may be clearly and completely identified.

The summary judgment on counts three through ten is reversed and the case is remanded to the trial court without prejudice to the resubmission of the motion. In all other respects, the judgment is affirmed.

MARY K. HOFF, C.J. and ROBERT E. CRIST, J., concur.