**Karl SHELLABARGER,**
**Plaintiff/Appellant,**

v.

**Gene and Eugenia SHELLABARGER, individually and as Trustees of the Gene L. Shellabarger and Eugenia L. Shellabarger Trust, Defendants/Respondents.**

**No. ED 93618.**

Missouri Court of Appeals,
Eastern District,
SLU Division.

April 27, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 8, 2010.

Application for Transfer Denied
Aug. 31, 2010.

---

1. All statutory references are to RSMo. 2000, unless otherwise indicated.

Ann P. Hagan, Joe E. Maxwell, Mexico, MO, for Plaintiff/Appellant.

Edward C. Clausen, Brittany A. Barrientos, Jefferson City, MO, for Defendants/Respondents.

SHERRI B. SULLIVAN, J.

*Introduction*

Karl Shellabarger (Appellant) appeals from the trial court's partial summary judgment entered in favor of Gene and Eugenia Shellabarger, individually (Gene and Eugenia, respectively) and as trustees of the Gene L. Shellabarger and Eugenia

L. Shellabarger Trust (Trust) (collectively Respondents), as to Counts I, II, III and IV of Appellant's five-count petition.[1] We reverse and remand.

*Factual and Procedural Background*

The following facts are gleaned from the Respondents' statement of undisputed material facts in support of their motion for summary judgment, and Appellant's response to Respondents' statement of undisputed material facts.

Appellant and Gene entered into a contract involving an interest in real estate. Appellant composed a contract to memorialize their agreement. This contract, dated April 12, 1995, is signed by Gene and Appellant. The contract provided that Appellant could purchase the real estate in the future, following an 18–month holding period after Respondents had purchased the real estate. On November 12, 1996, the holding period was no longer in effect. The contract did not provide a definite date for performance or closing.

On April 22, 2008, Appellant filed a five-count petition against Respondents, alleging in Count I—Specific Performance; Count II—Breach of Contract; Count III—Fraud; Count IV—Unjust Enrichment/Constructive Trust, and Count V—Damages for Crop Loss. Respondents filed a motion for partial summary judgment on Counts I though IV alleging that they were entitled to summary judgment based on the statute of frauds, the statute of limitations, and laches. Appellant filed his response to said motion. After hearing argument and taking the matter under advisement, the trial court granted Respondents' motion, without explication, other than noting that it found "that there is no general [sic] dispute as to any material facts and, accordingly, Defendants are

---

1. Count V, entitled Damages for Crop Loss, was dismissed without prejudice by Appellant in order to facilitate a final judgment for this appeal.

entitled to judgment as a matter of law on Counts I through IV of Plaintiff's petition." Appellant filed a motion for reconsideration, which was denied. Appellant dismissed Count V without prejudice. This appeal follows.

### Points on Appeal

In his first point, Appellant claims that the trial court erred in sustaining Respondents' motion for summary judgment based on the statute of frauds because:

(a) the contract for the sale of real property was in writing and contained all the essential elements of a contract in that it is signed by the parties and recites the subject matter, the consideration, the price, and the promises for both sides; and

(b) both parties performed under this contract for over twelve (12) years and therefore the statute of frauds does not apply; and

(c) Count III of Appellant's petition pled fraud which is an exception to the statute of frauds; and

(d) Count IV of Appellant's petition specifically sought additional equitable remedies which also creates an exception to the statute of frauds.

In his second point, Appellant contends that the trial court erred in sustaining Respondents' motion for summary judgment based on either a five-year or a ten-year statute of limitations because there are genuine issues of fact regarding when the statute of limitations started to run, in that Appellant's evidence demonstrates that Respondents never sought to repudiate the contract until 2006 and this action was first brought in 2008.

In his third point, Appellant asserts that the trial court erred in sustaining Respondents' motion for summary judgment based on laches because there was a "general [sic] issue of fact" regarding Respondents' claim of laches because Respondents cannot rely on equity as a defense in that Respondents have "unclean hands" as Appellant's evidence clearly demonstrates that he made every payment due under the contract, changed his position in reliance on the contract, expended substantial amounts of money improving the real property, and at no time did Respondents indicate that they were not going to honor the contract until, at best, 2006.

### Standard of Review

Our review of the trial court's grant of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). The propriety of summary judgment is purely an issue of law. *Id.* Summary judgment is proper only in those situations in which the movant can establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *ITT*, 854 S.W.2d at 377; Rule 74.04.[2] The movant has the burden to show a right to judgment flowing from facts about which there is no genuine dispute. *ITT*, 854 S.W.2d at 378. We review the record in the light most favorable to the party against whom judgment was entered, and accord the non-movant the benefit of all reasonable inferences from the record. *ITT*, 854 S.W.2d at 376.

If there is no contradiction and the movant has shown a right to judgment as a matter of law, the non-movant must create a genuine dispute by supplementing the record with competent materials that establish a plausible, but contradictory, version of at least one of the movant's essential facts. *ITT*, 854 S.W.2d at 376. It is

---

**2.** All rule references are to Mo. R. Civ. P.2008, unless otherwise indicated.

not the "truth" of the facts upon which the court focuses, but whether those facts are disputed. *Id.* Where they are not, the facts are admitted for purposes of analyzing a summary judgment motion. *Id.*

If the trial court grants summary judgment without specifying the basis upon which it was granted, we will uphold the decision if it was appropriate under any theory. *Taryen Dev., Inc. v. Phillips 66 Co.,* 31 S.W.3d 95, 97–98 (Mo.App. E.D. 2000). Here, the trial court's grant of summary judgment is premised upon affirmative defenses raised by Respondents. To affirm the judgment below, therefore, we must conclude that Respondents' motion sets forth undisputed facts which establish every element of one of those affirmative defenses. *Transatlantic Ltd. v. Salva,* 71 S.W.3d 670, 674 (Mo.App. W.D. 2002).

## Discussion

### Statute of Frauds—Point I

■■■ Respondents' motion for summary judgment raised a single alleged violation of the statute of frauds, to-wit: the lack of a date certain for transfer of the real estate. Respondents cite no applicable authority in support of their assertion that the lack of a date certain for transfer in the agreement *sub judice* violates the statute of frauds.[3] The statute of frauds provides that "[n]o action shall be brought . . . upon any contract made for the sale of lands, tenements, hereditaments, or an interest in or concerning them . . . unless the agreement upon which the action shall

be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith. . . ." Section 432.010.[4] To satisfy the statute of frauds, when the party to be charged is the putative seller of real estate, there must be a writing signed by that party reflecting a promise to sell. *Smith v. International Paper Co.,* 87 F.3d 245, 247 (8th Cir.1996); *Gillespie v. Pulsifer,* 655 S.W.2d 123, 125 (Mo.App. W.D.1983). The existence of a writing signed by Appellant and Gene reflecting a promise to sell the real estate is an uncontested fact in this case.

■■■ A writing satisfies the statute of frauds' "memorandum" requirement if it sets forth the essential terms of a contact. *In re Estate of Looney,* 975 S.W.2d 508, 515 (Mo.App. S.D.1998). The essential elements of an agreement to convey real property are: the parties, the subject matter, the consideration, the price, and promises upon both sides. *Id., Skaggs v. Dial,* 861 S.W.2d 188, 192 (Mo.App. W.D.1993). When these essential provisions exist in a document, it is specifically performable even though it may leave something to be desired in draftsmanship or could have been more clearly stated. *Looney,* 975 S.W.2d at 515. A writing need not be an explicit and complete contract, and the terms therein need not be definite, as long as the substance of the agreement appears from the writing. *Id.* The terms may be made certain when the circumstances are shown by extrinsic evidence. *Id.; see also,*

---

3. Respondents cite *Johnson v. Cook,* 167 S.W.3d 258, 263–64 (Mo.App. E.D.2005), for the proposition that " 'the date for performance or closing date' must be proven by clear, cogent, unequivocal and convincing evidence, at a minimum, for purposes of determining *whether exceptions apply* to the statute of frauds." [Emphasis added]. *Johnson* involved an oral contract to which the appellant

was attempting to introduce parol evidence by virtue of the fraud exception to the statute of frauds. Our resolution of the statute of frauds issue in this case does not rely upon an exception thereto.

4. All statutory references are to RSMo 1994, unless otherwise indicated.

*Teets v. American Family Mut. Ins. Co.,* 272 S.W.3d 455, 465 (Mo.App. E.D.2008), quoting *G.H.H. Inv. L.L.C. v. Chesterfield Mgmt.,* 262 S.W.3d 687, 695 (Mo.App. E.D. 2008) ("While we agree the Agreement contains no date marked on a calendar or specific time period that delineates the end of the Agreement, this Court has held that '[t]ime for performance may be specifically determined by external events.' ").

■■■ Here, although the contract at issue does not contain a date certain for performance, that omission does not implicate a violation of the statute of frauds. The "essential" terms of unperformed promises must be stated; "details or particulars" need not. Restatement (Second) of Contracts: The Statute of Frauds § 131 General Requisites of a Memorandum (1981). What is essential depends on the agreement and its context and also on the subsequent conduct of the parties, including the dispute which arises and the remedy sought. *Id.* In the instant case, the date of Gene's sale of the property to Appellant was not essential or pertinent to their particular agreement. What was essential in terms of time constraints was that the property *not be sold before* 18 months. That was the nature of their agreement, and the time for it to be sold by Gene to Appellant was not of the essence in their agreement. "A memorandum of an agreement for the sale of land is not necessarily insufficient to satisfy the requirements of the statute of frauds because the time for performance is not stated therein." 72 Am.Jur.2d Statute of Frauds § 340 (1974). The memorandum need contain no reference to time where, if no time is agreed upon, the law will imply a reasonable time. 10 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 29:8 (4th ed.1999). See also, 72 Am.Jur.2d, supra, ("In case of an executory contract of sale, where time for execution of conveyance or transfer is not limited, law implies it to be done within reasonable time, and failure to incorporate in memorandum such a statement does not render it insufficient") and *Kludt v. Connett,* 350 Mo. 793, 168 S.W.2d 1068, 1072 (1943) (memorandum is sufficient even though fails to state time and place for performance of contract; law implies a reasonable time).

The Restatement provides an illustration of the above stated principle:

> A and B enter into an oral contract for the sale of Blackacre by A to B. A memorandum is made and signed which states sufficiently the parties, subject matter and terms of the oral bargain except that, though the parties in fact orally agreed that the price should be payable on delivery of a deed, the memorandum contains no statement as to when the price is payable. The memorandum is sufficient.

Restatement (Second) of Contracts § 131, cmt. g, illus. 15. The Restatement also instructs that "[o]mission or erroneous statement of an agreed term makes no difference if the same term is supplied by implication or by rule of law." Restatement (Second) of Contracts § 131.

For the foregoing reasons, we find that the trial court should not have granted summary judgment in favor of Respondents on the basis of the statute of frauds, as they did not show that as a matter of law, the agreement's lack of a date certain for performance violated the statute of frauds. Accordingly, Point I is granted.

*Statute of Limitations—Point II*

■■ Respondents contend that Appellant's ability to assert any right to purchase the subject real estate would have accrued no later than November 12, 1996, 18 months after the date Respondents purchased the real estate. Consequently,

according to Respondents, any claim Appellant had to enforce the terms of the contract expired ten years later, on November 12, 2006. See Section 516.110. Section 516.110(1) provides:

**What action shall be commenced within ten years**

Within ten years:

(1) An action upon any writing, whether sealed or unsealed, for the payment of money or property; . . . .

Respondents contend that as Appellant first maintained his cause of action in this matter on October 31, 2007, his cause of action is barred by the statute of limitations, as a matter of law.

 There are insufficient facts in Respondents' statement of undisputed facts to support their affirmative defense of the statute of limitations. Respondents did not state that Appellant first maintained his cause of action in this matter on October 31, 2007 in their statement of undisputed facts. They stated that Appellant failed to formally assert any legal or equitable rights involving the real estate for an eleven-year period following "any right, valid or not, to purchase the real estate." This "right, valid or not, to purchase the real estate" is a legal determination or conclusion ill-suited to a statement of fact, and is vague at that. The statement of facts does not assert a date the statute of limitations began to allegedly

run.[5] Furthermore, Appellant denied this statement in his response to Respondents' statement of undisputed facts. Therefore, this statement was neither an undisputed "fact," nor was it admitted for purposes of Respondents' motion for summary judgment based on the statute of limitations.

Accordingly, the summary judgment record was insufficient to establish that there was no disputed material issue of fact regarding the expiration of the applicable statute of limitations in this case. Therefore, Respondents are not entitled to judgment as a matter of law on this basis. Point II is granted.

### Laches—Point III

 Respondents assert that the doctrine of laches also bars Appellant's claims against them. "The invocation of laches requires that a party with the knowledge of facts giving rise to its rights unreasonably delays asserting them for an excessive period of time and the other party suffers legal detriment therefrom." *Nahn v. Soffer*, 824 S.W.2d 442, 444–45 (Mo.App. E.D.1991). In determining whether the doctrine of laches applies in a particular case, an examination is made of "the length of delay, the reasons therefor, how the delay affected the other party, and the overall fairness in permitting the assertion of the claim." *Id.* at 445.

Respondents claim that:

5. If Respondents maintain the statute of limitations began to run at the expiration of the 18–month holding period, they are wrong as a matter of law. The contract clearly sets forth no specific date that the sale and purchase of the property was to be accomplished. The right to sue arises "on the failure to do the thing contracted for at the time and in the manner contracted." *Hart v. Dick*, 570 S.W.2d 820, 822 (Mo.App.K.C.1978). There was no time specified in the agreement for Respondents to sell and Appellant to purchase the property. "If no exact time was specified

then a cause of action did not accrue and the statute of limitations did not begin to run." *Id.* The law then implies a reasonable time for performance. *Hemsath v. City of O'Fallon*, 261 S.W.3d 1, 6 (Mo.App. E.D.2008). (See also our discussion of Point I). Thus, the element which Respondents were required to establish, or at least allege in their statement of undisputed facts, to defeat Appellant's claim of specific performance under the statute of limitations was an exact date on which it was agreed the deed would be delivered. This they did not do.

Appellant, as drafter of the writing under which he seeks relief, had knowledge of the facts that gave rise to his rights, if any, while unreasonably delaying any assertion of those rights for an excessive period of time. This was to Respondents' legal detriment as it has subjected them to litigation more than a decade after Appellant's alleged cause of action accrued. Additionally, despite always being aware of his alleged rights, Appellant waited more than 10 years after the date the 18–month holding period concluded to bring this claim and assert his legal rights to the property in question. This Court should find this delay was unreasonable delay.

Respondents claim they have been damaged by numerous changes of position that would have not occurred but for the delay, to-wit: they have paid taxes on the property; they have leased the property to another tenant; they have transferred the property to their trust; and they had to respond to Appellant's claims.

▮ Again, the vast majority of these facts were not set forth in Respondents' statement of uncontroverted facts in support of their motion for summary judgment based on their affirmative defense of laches, and their claims are therefore wholly unsupported by the summary judgment record. "All facts must come into the summary judgment record in the manner required by Rule 74.04(c)(1) and (2), that is, in the form of a pleading containing separately numbered paragraphs and a response addressed to those numbered paragraphs." *Cross v. Drury Inns, Inc.*, 32 S.W.3d 632, 636 (Mo.App. E.D.2000). "When a movant needs to supplement the motion with new facts, the movant should withdraw the original motion and file a new or amended motion incorporating the additional evidence." *Id.* A second motion for summary judgment based on an expanded record is permissible. *Id., M & P Enterprises, Inc. v. Transamerica Financial Services,* 944 S.W.2d 154, 162 (Mo. banc 1997).

In the instant case, Respondents expanded their laches argument with additional facts not included in the record pursuant to Rule 74.04(c)(1) and (2). The facts properly in the record are wholly deficient to support a claim of laches. As such, Respondents are clearly not entitled to summary judgment based on this affirmative defense. For these reasons, Point III is granted.

### Conclusion

The summary judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.

KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, JR., J., concur.