

# Missouri Court of Appeals

## Southern District

### Division One

DAKOTA J. LACKEY,           )
                            )
        Appellant,          )
                            )
    v.                      )    No. SD33918
                            )
IBERIA R-V SCHOOL DISTRICT, )    FILED: February 16, 2016
and JASON MORRIS,           )
                            )
        Respondents.        )

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Kenneth Michael Hayden, Judge

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

After injuring his wrist in school gym class, Dakota Lackey sued teacher Jason Morris and the school district ("District"). The trial court granted summary judgment to District based on sovereign immunity, and to Morris under the Paul D. Coverdell Teacher Protection Act of 2001, 20 U.S.C. §§ 6731 *et seq* (2006).

Lackey appeals. Our review is *de novo* using the same criteria the trial court should have employed without deference to that court's decision. ***ITT Comm. Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993).

We affirm as to District because Lackey cannot prove a dangerous-condition exception to sovereign immunity. We reverse as to Morris because the summary judgment record fails to establish his Coverdell immunity.

## Injury and Circumstances[1]

Lackey suffered his injury as an eighth-grader during an organized "long base" game in Morris's gym class. Long base is similar to kickball. A pitcher in the center circle rolls a ball. A kicker kicks it and runs toward either of two "bases" at opposite ends of the basketball court between the baseline and padded gym wall. No physical bases were placed on the gym floor; painted lines on the floor marked the "base" areas. The only game equipment was the ball.

Lackey was injured as he ran to a base, then into the padded wall which he struck with his left hand, resulting in a wrist fracture.

## Point I – District's Sovereign Immunity

To streamline analysis of this point, we first note what is not at issue:

- District, a public entity, enjoys sovereign immunity except as waived. *Patterson v. Meramec Valley R-III School Dist.*, 864 S.W.2d 14, 15 (Mo.App. 1993).

- Lackey's waiver theory is that District's "property was in dangerous condition at the time of the injury [and] that the injury directly resulted from the dangerous condition," *i.e.*, the "dangerous condition" exception to sovereign immunity under § 537.600.1(2).

---

[1] Our review is confined to the Rule 74.04(c) summary judgment record, *Holzhausen v. Bi-State Dev. Agency*, 414 S.W.3d 488, 493-94 (Mo.App. 2013), viewed favorably to Lackey and giving him the benefit of all reasonable inferences. *ITT*, 854 S.W.2d at 376. We summarize the facts accordingly. Missouri statutory citations are to RSMo 2000 and rule references to Missouri Court Rules (2013).

- Lackey must plead and prove such waiver as part of his case in chief. **Maune v. City of Rolla**, 203 S.W.3d 802, 804 (Mo.App. 2006).

- District was entitled to summary judgment if Lackey, having had adequate time for discovery, could not show that he could get to the jury on this element of his claim. **ITT**, 854 S.W.2d at 381.

Lackey argues that Morris created a dangerous condition by designating floor areas near walls as "bases," forcing students to stop abruptly after running the length of the gym, and his "broken arm was foreseeable in that one way … for a student to stop his body before striking the wall is to extend his arm."

The trial court ruled correctly. Lackey's theory and supporting evidence will not get him to a jury on a "dangerous condition" under developed case law.

Dangerous public property within § 537.600.1(2)'s narrow exception "must exhibit a defect that is physical in nature." **Boever v. Special Sch. Dist. of St. Louis County**, 296 S.W.3d 487, 493 (Mo.App. 2009). These include (1) physical defects in public property or its condition, and (2) "physical deficiencies created by the placement of objects on the public property." **Id**. (citing **Alexander v. State**, 756 S.W.2d 539, 541-42 (Mo. banc 1988)).

Lackey's theory is the latter, primarily citing **Alexander** and **Cain v. Missouri Highways & Transp. Comm'n**, 239 S.W.3d 590 (Mo. banc 2007). Both cases are distinguishable:

- Plaintiff Cain was hit by a falling tree cut down by public employees. The tree had no physical defect before cutting began, but a jury might "conclude that *the manner in which the [worker] cut the tree, prior to it falling, created a dangerous condition* within the meaning of the statute." 239 S.W.3d at 594 (our emphasis).

3

- Plaintiff Alexander was injured because someone laid a folding room partition at the foot of a ladder he was using to fix an elevator. Descending the ladder, he stepped on the partition, which unfolded, causing him to fall. Our supreme court stated that "property" in § 537.600.1(2)'s context included personal property, and that leaning the partition against the ladder created "a physical deficiency" and "dangerous condition.'" 756 S.W.2d at 541-42. The ladder and partition were not intrinsically defective or dangerous; "the dangerous condition [was] created *by the positioning of various items of property.*" ***Id***. at 542 (our emphasis).

In ***Alexander***, non-defective items not intrinsically dangerous were moved and positioned and only thereby made "dangerous" per § 537.600.1(2). In ***Cain***, a tree not defective or intrinsically dangerous was chain-sawed and only thereby made "dangerous" per § 537.600.1(2). Here, a gym floor and walls neither defective nor intrinsically dangerous were *not* altered or changed and thus were *not* "dangerous" per § 537.600.1(2) under any case cited to or found by us.[2]

Lackey alleges that "Morris organized a game of 'long base' in the gymnasium ... [and] created or otherwise established the location of the 'base' and its proximity to the wall," resulting in "a dangerous and defective condition in that the 'base' was located in a position relative to the gymnasium's wall which made it improbable, if not impossible, for a 'batter' such as Lackey to come to a complete stop after crossing the line, but before striking the wall[.]" Stripped of immunity-targeted

---

[2] Cases factually nearer to ours, all post-***Alexander***, include ***Necker v. City of Bridgeton***, 938 S.W.2d 651 (Mo.App. 1997) (rejecting ***Alexander***-based theory that dangerous condition was created by locating non-defective balance beam in hallway); ***Goben v. Sch. Dist. of St. Joseph***, 848 S.W.2d 20 (Mo.App. 1992) (rejecting ***Alexander***-based theory that dangerous condition was created by gym teacher setting hurdles on concrete floor and urging overweight student to jump over them); ***Stevenson v. City of St. Louis Sch. Dist.***, 820 S.W.2d 609 (Mo.App. 1991) (child sliding down school stairway bannister; not a dangerous condition).

ornamentation, this is a complaint that Morris picked the wrong spot on a floor. We borrow, once again, an observation from our western district:

> What appellant seeks is to engraft upon the term "dangerous condition" any and all conditions or events which, if foreseeable, cause or produce injury arising out of or in conjunction with the property or employees of a public entity. If appellant's argument were carried to its logical conclusion, § 537.600(2) [now § 537.600.1(2)] would become a nullity.

*Johnson v. City of Springfield*, 817 S.W.2d 611, 615 (Mo.App. 1991) (quoting *Twente v. Ellis Fischel State Cancer Hosp.*, 665 S.W.2d 2, 12 (Mo.App. 1983)).

"[W]e strictly construe statutory provisions that waive sovereign immunity," *id.*, and would have to do otherwise to accept Lackey's view. Point denied.

### Point II – Morris's Coverdell Act Defense

To explain why this summary judgment fails, we start with two oft-repeated principles recognized by all three districts of this court:

1. A trial court grants or denies summary judgment based on facts established by the summary judgment motion and responses thereto; "our review is confined to the same facts and does not extend to the entire record before the trial court."[3]

2. Facts come into a summary judgment record *only* per Rule 74.04(c)(1) and (2), "that is, in the form of a pleading containing separately numbered paragraphs and a response addressed to those numbered paragraphs."[4]

---

[3] *Metro. Nat'l Bank v. Commonwealth Land Title Ins. Co.*, 456 S.W.3d 61, 67 (Mo.App. 2015) (quoting *Holzhausen*, 414 S.W.3d at 494); *see also Robinson v. Missouri State Highway & Transp. Comm'n*, 24 S.W.3d 67, 80 n.5 (Mo.App. 2000).

[4] *Cross v. Drury Inns, Inc.*, 32 S.W.3d 632, 636 (Mo.App. 2000); *see also Metro. Natl. Bank*, 456 S.W.3d at 67; *Holzhausen*, 414 S.W.3d at 493; *Shellabarger v. Shellabarger*, 317 S.W.3d 77, 84 (Mo.App. 2010); *Space*

Since Morris won summary judgment on Coverdell immunity, an affirmative defense, we can affirm that ruling only if the summary judgment record – those "separately numbered paragraphs" and responses per Rule 74.04(c) – establishes every element of Coverdell immunity. *See **Shellabarger***, 317 S.W.3d at 81.

The Coverdell Act, as relevant here, states that no teacher "shall be liable for harm caused by an act or omission of the teacher on behalf of the school if --

> (1) the teacher was acting within the scope of the teacher's employment or responsibilities to a school or governmental entity; [and]
>
> (2) the actions of the teacher were carried out in conformity with Federal, State, and local laws (including rules and regulations) in furtherance of efforts to control, discipline, expel, or suspend a student or maintain order or control in the classroom or school; [and]
>
> (3) if appropriate or required, the teacher was properly licensed, certified, or authorized by the appropriate authorities for the activities or practice involved in the State in which the harm occurred, where the activities were or practice was undertaken within the scope of the teacher's responsibilities; [and]
>
> (4) the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the teacher[.]"

20 U.S.C. § 6736(a). No such element was established by this summary judgment record, *i.e.*, the "separately numbered paragraphs" and responses per Rule 74.04(c). Morris did not even assert Rule 74.04(c)(1) paragraphs as to most of these. Morris's brief includes two pages titled "Uncontroverted Facts" and would have us affirm based on such material, but links none of those "facts" to the Rule 74.04(c) record either.

---

***Planners Architects, Inc. v. Frontier Town-Missouri, Inc.***, 107 S.W.3d 398, 404 (Mo.App. 2003); ***Sloss v. Gerstner***, 98 S.W.3d 893, 898 (Mo.App. 2003).

6

Morris has "expanded [his Coverdell] argument with additional facts not included in the record pursuant to Rule 74.04(c)(1) and (2)." **Shellabarger**, 317 S.W.3d at 84. "The facts properly in the record are wholly deficient to support a claim of [Coverdell immunity]." **Id**. "As such, [Morris is] clearly not entitled to summary judgment based on this affirmative defense." **Id**.

For more than 20 years, Rule 74.04 has required these numbered paragraphs and responses for "specificity regarding the contentions raised in motions for summary judgment." **Osage Water Co. v. City of Osage Beach**, 58 S.W.3d 35, 44 (Mo.App. 2001) (attributing this 1994 rule change to our supreme court's desire that opposing parties and courts be clearly advised of the claimed basis for summary judgment). Thus "Rule 74.04(c) dictates a specific format for a motion and response in order to clarify the areas of dispute and eliminate the need for the trial or appellate court to sift through the record to identify factual disputes." **Cross**, 32 S.W.3d at 636. "All facts must come into the summary judgment record in the manner required by Rule 74.04(c)(1) and (2), that is, in the form of a pleading containing separately numbered paragraphs and a response addressed to those numbered paragraphs." **Id**.

Despite this longstanding mandate and case law warnings we have cited, the error seen in this case occurs too frequently, even when the trial judge and lawyers are, as here, excellent. Movants often cite primarily or exclusively to affidavits, exhibits, and discovery – material with a critical *supporting* role in our numbered-paragraphs-and-responses framework. Courts cannot "sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from

7

the immaterial, in an attempt to determine the basis for the motion" without impermissibly acting as advocates. ***Miller v. Ernst & Young***, 892 S.W.2d 387, 389 (Mo.App. 1995). Rule 74.04(c) aims at "benefiting trial and appellate courts to expedite the disposition of cases[;] noncompliance with these requirements is not a matter subject to waiver by a party." ***Miller,*** 892 S.W.2d at 389.

The lesson bears repeating: summary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses *alone.*

We grant Point II and reverse Morris's Coverdell-based summary judgment.[5]

### Conclusion

We affirm the judgment as to Respondent District.  As to Respondent Morris, we reverse and remand for further proceedings.

DANIEL E. SCOTT, P. J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS

---

[5] This also moots Lackey's third and final point, which is directed at Coverdell immunity as well.

We decline Morris's invitation to affirm his summary judgment on an alternative ground, either official immunity or the public duty doctrine. He fails to persuade us that, given current law and this Rule 74.04(c) record, the trial court was wrong to find "that factual disputes exist as to Counts II and III whether or not Separate Defendant Jason Morris is entitled to official immunity or judgment premised upon the public duty doctrine, and therefore Summary Judgment on those additional bases are denied."