

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| Z.S., by and through his next friend, P.S., | ) | ED111319 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| v. | ) | 20SL-CC04079 |
| | ) | |
| ROCKWOOD SCHOOL DISTRICT, | ) | Honorable Thomas C. Albus |
| | ) | |
| Respondent. | ) | Filed: September 19, 2023 |

## Introduction

Z.S., by and through his next friend, P.S., appeals the summary judgment in favor of Rockwood School District ("District") on his action seeking damages for alleged personal injuries sustained when he collided with a gymnasium wall during a physical education class. The dispositive issue is whether the circuit court erred by granting summary judgment on grounds of sovereign immunity. The summary judgment record shows Z.S. cannot prove the gymnasium wall "was in dangerous condition at the time of the injury," so as to waive sovereign immunity pursuant to section 537.600.1(2), RSMo 2000. The judgment is affirmed.

**Factual and Procedural Background**

Z.S. filed suit against the District alleging he was injured after colliding with a gymnasium wall on District property while playing "mat ball" during a physical education class.[1] In mat ball, players score points by running bases to reach home plate. The other team can throw the ball at the runner to get them out. Z.S. alleged that a District teacher had the students use a pad affixed to the gymnasium wall as second base. As he ran to second base, Z.S. collided with the wall and was injured. Z.S. alleged that the teacher created a dangerous condition and a reasonably foreseeable risk of harm by instructing him to run toward the wall.

The District filed a motion for summary judgment asserting Z.S.'s claims were barred by sovereign immunity because the gymnasium wall was not a dangerous condition sufficient to waive sovereign immunity. Alternatively, the District asserted that Z.S.'s claims were barred because any danger was open and obvious. The circuit court entered summary judgment for the District. Z.S. appeals.

**Standard of Review**

The standard of review for summary judgment is *de novo. MacColl v. Mo. State Hwy. Patrol*, 665 S.W.3d 290, 294 (Mo. banc 2023) (internal quotation omitted). "Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law." *Id*. "We review the facts in the record in the light most favorable to the non-moving party." *Reddick v. Spring Lake Ests. Homeowner's Ass'n*, 648 S.W.3d 765, 773 (Mo. App. E.D. 2022).

---

[1] As pertinent to this appeal, Z.S. alleged the District was vicariously liable for the teacher's negligence (Count II) and that the District was liable for maintaining a dangerous condition on its property (Count III).

**Analysis**

Section 537.600.1 provides that public entities generally have sovereign immunity from liability in negligence actions. The statute, however, waives immunity for "[i]njuries caused by the condition of a public entity's property *if the plaintiff establishes that the property was in dangerous condition* at the time of the injury[.]" Section 537.600.1(2) (emphasis added). "For a dangerous condition waiver of sovereign immunity to apply, the dangerous condition must describe, define, explain, denote or reference only and exclusively the physical defects in, upon and/or attending to property of the public entity." *State ex rel. Div. of Motor Carrier & R.R. Safety v. Russell*, 91 S.W.3d 612, 616 (Mo. banc 2002) (internal quotation omitted). A physical defect resulting in a dangerous condition may be created by a defect in the property itself or by "physical deficiencies created by the placement of objects on the public property." *Lackey v. Iberia R-V Sch. Dist.*, 487 S.W.3d 57, 59 (Mo. App. S.D. 2016) (internal quotation omitted). Because the statutory waiver of sovereign immunity is premised on the existence of a physical defect, "[f]ailure to perform an intangible act, whether it be failure to supervise or warn, cannot constitute a dangerous 'condition' of the 'property' for purposes of waiving sovereign immunity." *Russell*, 91 S.W.3d at 616. Likewise, "[t]he placement of an individual in relation to non-defective property does not constitute a dangerous condition of the property." *J.M. v. Lee's Summit Sch. Dist.*, 545 S.W.3d 363, 369 (Mo. App. W.D. 2018).

In *Lackey*, this Court, under nearly identical facts, affirmed summary judgment in favor of a school district, finding that sovereign immunity barred a personal injury action brought on behalf of a high school student injured by colliding with a gymnasium wall while playing a game of "long base." *Lackey*, 487 S.W.3d at 60. The plaintiff alleged that, because the school teacher situated the base close to the wall, it was difficult, if not impossible, for him to come to a complete stop before

3

striking the wall and injuring himself. *Id*. This Court held that, "[s]tripped of immunity-targeted ornamentation," those allegations could not show a dangerous condition of school district property because:

> What appellant seeks is to engraft upon the term "dangerous condition" any and all conditions or events which, if foreseeable, cause or produce injury arising out of or in conjunction with the property or employees of a public entity. If appellant's argument were carried to its logical conclusion, [section 567.600.1(2)] would become a nullity.

*Id*. (internal quotation omitted).

This Court's holding in *Lackey* applies with equal force here. Like the plaintiff in *Lackey*, Z.S. does not allege or argue that the padded gymnasium wall was physically defective, nor does he allege or argue that the wall was altered or re-positioned to render it dangerous. Instead, Z.S. argues that the wall was in a dangerous condition because it was "hard and dense," and because the teacher instructed him to "use the pad on the wall as a base, which is not its intended purpose." The fact that the wall was hard and dense simply means, as Z.S. alleged, that it was made of stone, not that it was in a dangerous condition.[2] Further, the fact that the teacher instructed the students to use the wall as a base does not show any physical defect in the wall, nor any physical deficiency created by re-positioning objects on the property. Instead, these facts are consistent with the cases holding that a failure to supervise or warn is not a dangerous condition of property resulting in a waiver of the District's sovereign immunity. *Russell*, 91 S.W.3d at 616. As in *Lackey*, Z.S.'s argument impermissibly seeks to expand the term "dangerous condition" to include all foreseeable injuries arising out of the use of a public entity's property. *Lackey*, 487 S.W.3d at 60. The circuit court did not err by granting summary judgment in the District's favor. Point I is denied.

---

[2] Holding the structural components of a public building are dangerous because they are hard and dense would lead to the illogical conclusion that the very characteristic enabling the safe construction of a building is also a physical defect creating a dangerous condition.

4

In his second point, Z.S. claims that the circuit court erred by granting summary judgment in favor of the District because it failed to demonstrate the dangerous condition posed by the gymnasium wall was open and obvious. Because Z.S. cannot establish a dangerous condition sufficient to waive the District's sovereign immunity, Point I is dispositive and negates the claim in Point II.

**Conclusion**

The judgment is affirmed.

Renée D. Hardin-Tammons, J.

Michael E. Gardner, P.J and
John P. Torbitzky, J.,  concur.