

# Missouri Court of Appeals

## Southern District

### Division Two

| | |
|---|---|
| DIANNA K. MEYER, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) No. SD34245 |
| vs. | ) Filed: September 19, 2016 |
| | ) |
| CITY OF WALNUT GROVE, MISSOURI, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| KEN ECK, as Trustee of the JOHNNIE L. | ) |
| and DONNA R. HARTIN TRUST, | ) |
| | ) |
| Defendant-Respondent. | ) |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown, Judge

**AFFIRMED**

Dianna K. Meyer ("Meyer") appeals from summary judgment granted in favor of Ken Eck, as Trustee ("Trustee") of the Johnnie L. and Donna R. Hartin Trust. In one point, Meyer contends the trial court erred in granting summary judgment in favor of Trustee because "there exists a duty on the part of [Trustee], or its agents and representatives, to use ordinary care in operating tractors, brush hogs, and other mowing equipment, and a duty to warn if damage occurs as of [sic] result,

and there exists genuine issues of material fact with respect to breach of duty and causation[.]" Finding no merit to Meyer's point, we affirm the trial court's judgment.[1]

## Factual and Procedural History

We recite these facts from the summary judgment record.[2] In this case involving review of a grant of summary judgment, we view the record and all reasonable inferences therefrom in the light most favorable to Meyer, the non-movant, subject to the requirements of Rule 74.04.[3] *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376, 381–82 (Mo. banc 1993).

This case arises out of allegations by Meyer that her property at 211 S. Washington Street in Walnut Grove, Missouri, was damaged when sewage from the City of Walnut Grove's ("the City") sewer system backed up into a storage building on her property on April 12, 2012.

Ken Eck is the Trustee of the Johnnie L. and Donna R. Hartin Trust ("the Trust"). The Trust owns certain real property in Walnut Grove known as Lots 8 through 14 of the Williams First Addition ("the Trust property"). The Trust property is vacant and undeveloped, containing trees and vegetation. Trustee saw the Trust property for the first time in November 2013, after the present lawsuit was filed. Trustee has no knowledge of the physical condition of the Trust

---

[1] The City of Walnut Grove, Missouri, is not a party to this appeal in that there is a separate claim continuing to pend against it. The current appeal is from a final judgment, which was certified by the trial court for purposes of appeal, and we have determined that all issues pending between Meyer and Trustee were resolved by the summary judgment entered by the trial court. *See* Rule 74.01(b), *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. banc 1997).

[2] *See Metropolitan National Bank v. Commonwealth Land Title Insurance Co.*, 456 S.W.3d 61, 67 (Mo.App. S.D. 2015) ("All facts must come into the summary judgment record in the manner required by Rule 74.04(c)(1) and (2), that is, in the form of a pleading containing [individual,] separately numbered paragraphs and a response addressed to those numbered paragraphs. . . . A trial court grants or denies motions for summary judgment on the basis of what is contained in the motion for summary judgment and the responses thereto. On appeal, our review is confined to the same facts and does not extend to the entire record before the trial court.") (internal quotation and citation omitted).

[3] All rule references are to Missouri Court Rules (2016).

property, and does not know of anyone with knowledge of what the Trust property looked like prior to that time. Meyer's property and the Trust property are separated by one other property.

On or about April 12, 2012, sewage was observed to have backed up into Meyer's building at 211 South Washington. On that same date, Travis Holman ("Holman"), then director of the City of Walnut Grove public works department, searched for the cause of the sewage backup by inspecting the City's sewer main. While inspecting the sewer line to try and locate the problem, Holman located a manhole on the Trust property that did not have a cover. The manhole was covered in brush so it was not visible and had to be located using a probe.

After the sewer main was cleaned out, Holman located pieces of the manhole cover that appeared to have been broken. The manhole on the Trust property is on the City's sewer main—not a branch off to a private residence—and the manhole is maintained by the City.

Trustee never spoke with Johnnie or Donna Hartin regarding the condition of the Trust property or the sewer lines. Trustee did not know who may have ever brush hogged or mowed the Trust property, or whether it had been mowed or brush hogged at all. Further, Trustee did not know whether the manhole on the Trust property was damaged by a brush hog. To his knowledge, no one ever contacted Johnnie or Donna Hartin concerning damage to the sewer line on the Trust property. No one from the City ever contacted Trustee regarding damage to the sewer line on the Trust property.

Meyer had lived in the City for 20 years and had never known the City to have a problem with trespassers. At times, Trust agents had performed maintenance and upkeep on the Trust property, and such agents had mowed or brush hogged the property on several occasions in the past.

3

In the summary judgment record, there was expert testimony from Bud Sherman ("Sherman"), who opined that "it was obvious the [Trust property] had been brush hogged more than just the recent event . . . parts had been brush hogged in years past, some had not, and some were more recent." Sherman further indicated it was his opinion that a brush hog ran over the manhole cover, breaking it, which allowed debris to aggregate in the sewage line, causing the backup onto Meyer's property.[4]

Meyer never saw anyone on the Trust property, and cannot recall ever seeing anyone mow or brush hog the property. She has never been on the Trust property, and has never seen the manhole cover in person, only in photographs taken after the incident. She did not know what the Trust property was used for currently, or what it may have been used for in the past. She did not know of anyone who had claimed to have mowed or brush hogged the Trust property, and did not know whether the Trust had an agreement with anyone to mow or brush hog the Trust property.

Meyer was not aware of anyone who might have seen the manhole cover in its broken condition prior to the sewage backup. She did not know whether prior trustees of the Trust were ever aware of the damage to the manhole cover, whether prior trustees were actually aware there were pieces of the manhole cover in the sewer line, and she had no personal knowledge as to what caused the damage to the manhole cover. Meyer did not know whether the damage to the manhole cover could have been caused by something other than a brush hog; i.e., a utility vehicle, a falling tree, or a lightning strike. She did not know when the manhole cover was broken, and did not know if the damage to the manhole cover happened at the same time that the pieces of the manhole cover fell into the sewer line.

---

[4] Respondent challenges that this evidence would not be admissible in court and, therefore, should not be considered in evaluating the propriety of summary judgment in this matter. However, we need not decide this issue because whether or not the testimony was admissible, summary judgment was still appropriately granted.

4

Meyer filed her petition on July 11, 2012, seeking damages against Trustee on the basis of negligence for failure to use ordinary care in the operation of tractors, brush hogs, and other mowing equipment so as to avoid striking the manhole cover located on the Trust property; and for failing to warn the City of the damage to the sewer system. The petition also alleged multiple theories of liability against the City, including inverse condemnation. After an adequate period of discovery, Trustee filed a motion for summary judgment on behalf of the Trust. On October 20, 2015, the trial court granted the Trustee's motion for summary judgment. This appeal followed.

In one point on appeal, Meyer claims the trial court erred in granting summary judgment in favor of Trustee because there were genuine issues of material fact as to whether Trustee breached a duty to Meyer by causing the sewer backup. The issue for our determination is whether the trial court erred in granting summary judgment on behalf of Trustee.

## Standard of Review

When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp.*, 854 S.W.2d at 376 (internal citations omitted).

When the moving party is the defending party, as the Trustee is in this case, summary judgment is established where that defending party shows:

5

(1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. "Where the facts underlying this right to judgment are beyond dispute, summary judgment is proper." *Id.* Once the movant has made "a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law," the burden shifts to the non-movant to show that "one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." *Id.* (internal quotation and citation omitted). "A 'genuine issue' that will prevent summary judgment exists where the record shows two plausible but contradictory accounts of the essential facts." *Wallingsford v. City of Maplewood*, 287 S.W.3d 682, 685 (Mo. banc 2009).

**Analysis**

Here, *ITT Commercial Fin. Corp.*, requires Trustee to show that Meyer, "after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of [Meyer's] elements." 854 S.W.2d at 381.

To present a cognizable claim of negligence, Meyer would be required to show that Trustee had a legal duty to Meyer, that Trustee breached that duty, and that Meyer suffered resulting damages caused by Trustee's negligence. *Hoffman v. Union Elec. Co.*, 176 S.W.3d 706, 708 (Mo. banc 2005). In the context of this case, the gist of Meyer's claim is that Trustee negligently broke a manhole cover on the Trust property by running a brush hog over it, and there was a resulting sewage backup onto Meyer's property that originated at the broken manhole cover.

6

The summary judgment record, in the light most favorable to Meyer, *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376, recites that the Trust property was vacant, undeveloped, and surrounded by a barbed wire fence. Meyer lived in the City for 20 years and did not know of any trespassers who would mow or brush hog the property. There was evidence from Meyer, and her Mother, that Trust agents had performed maintenance and upkeep on the Trust property and that such agents had mowed or brush hogged the property on several occasions in the past.

Sherman opined that "it was obvious the [Trust property] had been brush hogged more than just the recent event . . . parts had been brush hogged in years past, some had not, and some were more recent." It was his opinion that a brush hog ran over the manhole cover, breaking it, which allowed debris to aggregate in the sewage line, causing the backup onto Meyer's property.

The facts relied upon by Meyer are that Meyer's property is unlikely to be frequented by those without privilege; that Trustee, through his agents, had been on the Trust property and had, at some time, done brush hogging; and that the sewage backup had been caused when someone maneuvered a brush hog over the manhole cover and broke it.

The summary judgment record supports that Meyer is unable to produce any evidence as to when any event caused the manhole cover to break.

Additionally, the Trust property is vacant, undeveloped land, with grass and tree cover. When the City's public works employees looked for the manhole on the date of the sewage backup, it was covered with brush such that it was not visible, and had to be found using a probe. Trustee had no knowledge regarding the physical condition of the Trust property in April 2012, and did not know of anyone who did. Meyer had never been on the Trust property, and had never seen the manhole cover in person, only in photographs taken after the incident. Meyer has been unable to

produce any evidence as to the circumstances existing on the Trust property at the time the manhole cover was damaged because Meyer has no evidence as to when that damage actually occurred.

The summary judgment record supports that Meyer cannot produce substantial evidence to show causation, an essential element of Meyer's case. To prove a causal connection between the alleged negligent act and injury, a plaintiff must show both causation in fact and proximate cause. *Freight House Lofts Condo Ass'n v. VSI Meter Servs., Inc.*, 402 S.W.3d 586, 599 (Mo.App. W.D. 2013). The "but for" test—whether the harm would have occurred "but for" Trustee's negligent conduct—is applied to determine whether causation in fact has been established. *Id.* Proximate cause is established if defendant's negligence "is an efficient cause which sets in motion the chain of circumstances leading to the plaintiff's injuries or damages." *Id.* (internal quotation and citation omitted). In other words, a plaintiff must show that "the injury is a natural and probable consequence of defendant's negligence." *Id.* (internal quotation and citation omitted). "Although the question of proximate cause is usually for the jury, where the evidence connecting the injury to the negligence amounts to mere conjecture and speculation, the court must not allow the case to be submitted to the jury; rather, the question becomes one of law for the court." *Coin Acceptors, Inc. v. Haverstock, Garrett & Roberts, LLP*, 405 S.W.3d 19, 24 (Mo.App. E.D. 2013).

The summary judgment record supports that Meyer cannot produce any evidence as to when Trustee is alleged to have broken the manhole cover, which of Trustee's agents is alleged to have broken the manhole cover, or the condition of the Trust property at the time the manhole cover was broken. In other words, Meyer cannot say when, by whom, or—with any degree of particularity—how the manhole cover was broken. Far from showing that Trustee's negligence was an "efficient cause which set[] in motion the chain of circumstances" leading to the sewer backup, Meyer's assertion that it was Trustee's conduct at some unknown time through the

8

unspecified act or acts of some unknown agent that caused the backup is "mere conjecture and speculation."

The trial court did not err in granting summary judgment in favor of Trustee. The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. - CONCURS

DANIEL E. SCOTT, J. - CONCURS

9