**PEMISCOT COUNTY PORT AUTHORITY, Respondent,**

**v.**

**RAIL SWITCHING SERVICES, INC., Appellant.**

**No. SD 34570**

Missouri Court of Appeals, Southern District, Division Two.

FILED: May 9, 2017

Appellant's attorneys: James R. Jarrow, Caroline M. Tinsley & Suzanne E. Billam

Respondent's attorneys: Ann E. Buckley, Stephen M. Buckley & J. Michael Mowrer

DANIEL E. SCOTT, J.

Pemiscot County Port Authority's executive director negotiated and signed an operating agreement with Appellant ("RSSI") regarding Port Authority's railroad spur. When Port Authority granted track-use rights to a third party, RSSI claimed exclusivity under its agreement. Proceedings for declaratory and other relief between Port Authority and RSSI resulted· in summary judgment declaring RSSI's agreement void *ab initio* for violating RSMo § 432.070's mandate that con-

tracts of a municipal corporation "be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing." [1]

RSSI appeals, asserting that (1) material factual disputes precluded summary judgment; (2) the trial court misinterpreted and misapplied § 432.070; and (3) that statute is unconstitutionally vague. We deny all points and affirm the judgment.

### Point I

■ This point fails procedurally. The error is hardly unique to this otherwise well-lawyered case, but plagues large-record summary judgment appeals seen in this court, even with attorneys of the highest rank involved.

Per Rule 84.04(a) & (c), an appellant's brief must include "a fair and concise statement *of the facts relevant to the questions presented for determination*" (our emphasis). RSSI's "questions presented for determination" in this point are whether summary judgment was proper given three alleged factual disputes.[2] So it is evident that we must scrutinize the facts established by Rule 74.04 summary judgment procedure, and equally evident that RSSI's statement of facts should have set forth those facts. *Chopin v. AAA*, 969 S.W.2d 248, 251 (Mo.App. 1998).

■ Why? Because "[f]acts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework." *Jones v. Union Pac. R.R.*, 508 S.W.3d 159, 161 (Mo.App. 2016). In turn, appellate courts review summary judgment based *on the Rule 74.04(c) record, not* the whole trial court record. *Id.*;

---

1. Statutory citations are to RSMo 2000 and rule references are to Missouri Court Rules (2016) unless otherwise indicated. This appeal is authorized by Rule 74.01(b).

2. *I.e.*, whether Port Authority's executive director "was authorized to enter into the contract"; "the timing and scope of [Port Authority's] knowledge"; and "whether or not [Port Authority] is an 'other municipal corporation,'" to quote RSSI's brief.

*Lackey v. Iberia R–V Sch. Dist.*, 487 S.W.3d 57, 60 & n.3 (Mo.App. 2016).[3]

Yet RSSI "sets forth an account of the facts that does not correspond to the factual statements in the consecutively numbered paragraphs [required by Rule 74.04(c) ]." *Chopin*, 969 S.W.2d at 251. We cannot ascertain from RSSI's statement of facts, as Rule 84.04(c) requires, those Rule 74.04(c)-established facts that are material and "relevant to the questions presented for determination." *Id.* In other words, RSSI's brief fatally fails to indicate which material facts Port Authority's Rule 74.04 filings established or which such facts, if any, RSSI properly denied. *Jimmy Jones Excavation, Inc. v. JDC Structural Concrete, LLC*, 404 S.W.3d 922, 924 (Mo.App. 2013).

Why does this matter? Because the right to summary judgment boils down to *certain* facts, established per Rule 74.04(c), that legally guarantee one party's victory *regardless of other facts or factual disputes. See ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 378 (Mo. banc 1993).

A year after *ITT*, our supreme court implemented Rule 74.04(c)'s now-familiar format of numbered paragraphs and responses "to assist the judge in ruling on summary judgment motions by requiring such motions to conform to a specific form that will reveal the areas of dispute." 16 Missouri Practice, *Civil Rules Practice* § 74.04:2 (2016 ed.); *see also Osage Water Co. v. City of Osage Beach*, 58 S.W.3d 35, 44 (Mo.App. 2001) (attributing rule change to supreme court's desire to clearly advise opposing parties and courts of claimed basis for summary judgment).

■ Although refined by 2003 and 2008 amendments, it remains Rule 74.04(c)'s precept that material facts be asserted, then admitted or denied, via separately-numbered paragraphs "in order to clarify the areas of dispute and eliminate the need for the trial or appellate court to sift through the record to identify factual disputes." *Cross*, 32 S.W.3d at 636. "For more than 20 years, Rule 74.04 has required these numbered paragraphs and responses for 'specificity regarding the contentions raised in motions for summary judgment.'" *Lackey*, 487 S.W.3d at 61 (quoting *Osage Water*, 58 S.W.3d at 44).[4]

The upshot of all these cases?

---

**3.** *See also Shellabarger v. Shellabarger*, 317 S.W.3d 77, 84 (Mo.App. 2010) (*all* facts *must* come into summary judgment record as mandated by Rule 74.04(c); *i.e.*, via separately-numbered paragraphs and responses thereto). *Accord Schnurbusch v. West Plains Reg'l Animal Shelter*, 507 S.W.3d 675, 680 (Mo.App. 2017); *Meyer v. City of Walnut Grove*, 505 S.W.3d 331, 333 n.2 (Mo.App. 2016); *Energy Creates Energy, LLC v. Heritage Group*, 504 S.W.3d 142, 147–48 (Mo.App. 2016); *Metro. Nat'l Bank v. Commonwealth Land Title Ins.*, 456 S.W.3d 61, 67 (Mo.App. 2015); *Holzhausen v. Bi–State Dev. Agency*, 414 S.W.3d 488, 493–94 (Mo.App. 2013); *Cross v. Drury Inns*, 32 S.W.3d 632, 636 (Mo.App. 2000); *Midwest Precision Casting Co. v. Microdyne, Inc.*, 965 S.W.2d 393, 394 (Mo.App. 1998).

**4.** As our Western District recently reiterated, these procedural requirements are mandatory and "not to be taken as idle suggestions." *Energy Creates Energy*, 504 S.W.3d at 148.

> Summary judgment is based on the underlying predicate that, where the facts are not in dispute, a prevailing party can be determined as a matter of law. The procedures of Rule 74.04 were developed to establish a step-by-step method by which such cases can be identified and resolved.... It is not the function of the circuit court or appellate court to sift through a voluminous record in an attempt to determine the basis for the motion. Rather, a motion for summary judgment is required to follow a specific format in order to clarify the areas of dispute and eliminate the need for the trial or appellate court to sift through the record to identify factual disputes.

> *Id.* (citations and some punctuation omitted).

1. Facts come into a summary judgment record *one and only one way*—as separately-numbered paragraphs and responses per Rule 74.04(c).[5]
2. So "to review the judgment, we must scrutinize *those facts*" because they are "the facts relevant to the questions presented for determination" by RSSI's challenge to the factual propriety of summary judgment. *Chopin*, 969 S.W.2d at 251 (our emphasis).
3. RSSI's failure to properly present *those facts* dooms this point as we "cannot sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion without impermissibly acting as advocates." *Lackey*, 487 S.W.3d at 62 (internal quotation omitted); *see also Jimmy Jones Excavation*, 404 S.W.3d at 924.

■ We cannot overcome this failing even if we consider RSSI's (1) general complaints of "numerous disputed material facts," of factual disputes "too numerous and burdensome to detail fully," and that summary judgment was improper "[g]iven the number of disputed material facts and the admissions to other material facts"; or (2) cites to Rule 74.04(c) paragraphs and responses that purportedly show more than 100 facts disputed in whole or part. To focus only on *disputed* facts presents an incomplete picture. We must determine whether *uncontroverted* facts established via Rule 74.04(c) paragraphs and responses demonstrate Port Authority's right to judgment *regardless of other facts or factual disputes. See ITT*, 854 S.W.2d at 378.[6]

■ For a time, we ourselves tried to glean enough from the 1,300–page appellate record to salvage this point. Predictable difficulties and, eventually, neutrality considerations led us to abandon that effort. At any rate, appellate courts have no duty to search the record for facts that might substantiate a point on appeal. *Jimmy Jones Excavation*, 404 S.W.3d at 924. "That is the duty of the parties, not the function of an appellate court ... [which] cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." *Id.* (citations and internal quotation marks omitted).

To recap, RSSI had "the duty to define the scope of the controversy by stating the relevant facts fairly and concisely." *Chopin*, 969 S.W.2d at 251. Its failure to identify the *relevant* facts established per Rule 74.04(c) violates Rule 84.04(c) and justifies dismissal or denial of this point. *Id.; see also Executive Bd. of Missouri Baptist Convention v. Windermere Baptist Conf.*

---

5. *Jones*, 508 S.W.3d at 161; *Lackey*, 487 S.W.3d at 60–61 & n.4; *Metro. Nat'l Bank*, 456 S.W.3d at 67; *Holzhausen*, 414 S.W.3d at 494; *Space Planners Architects, Inc. v. Frontier Town–Missouri, Inc.*, 107 S.W.3d 398, 404 (Mo.App. 2003); *Sloss v. Gerstner*, 98 S.W.3d 893, 898 (Mo.App. 2003); *Cross*, 32 S.W.3d at 636.

6. To draw an imperfect analogy from bench-tried cases, contrary evidence means nothing when we consider whether substantial evidence supports a judgment. *Smith v. Great Am. Assur. Co.*, 436 S.W.3d 700, 705 (Mo. App. 2014). To ignore evidence favorable to the judgment undermines an appellant's ability to show why *that proof* could not suffice, stripping the focus on *contrary* evidence of any persuasive or analytical value. *Id.*; *Houston v. Crider*, 317 S.W.3d 178, 186–89 (Mo. App. 2010).

Likewise here, where the issue is whether uncontroverted Rule 74.04(c) facts establish a right to judgment, for RSSI to disregard such judgment-favorable facts, and to focus on *other facts and factual disputes* instead, offers us no discernable assistance and renders RSSI's arguments unpersuasive.

*Ctr.*, 430 S.W.3d 274, 284–86 (Mo.App. 2014); *Wichita Falls Prod. Credit Ass'n v. Dismang*, 78 S.W.3d 812, 815–16 (Mo. App. 2002). Point I fails.

## Point II

■ RSSI argues that § 432.070 does not apply to Port Authority and its contracts, and even if it does, that the trial court erred in finding RSSI's contract void for noncompliance.

■ Section 432.070, which protects government entities within its ambit, also constrains their freedom to enter into contracts. *See City of Kansas City v. Southwest Tracor Inc.*, 71 S.W.3d 211, 215 (Mo. App. 2002). The statute's provisions are not merely directory, but mandatory; contracts made in violation thereof are not merely voidable, but void. *Id.* at 215–16.

■ "The statute recognizes that municipal corporations represent the public and should be protected from the unauthorized actions of their agents." *Id.* at 215. Our supreme court elaborated in *Donovan v. Kansas City*:

> Missouri public policy considers the rights of the public paramount to the rights of the individual; that is, it is better to adopt, by legislation, a rule under which individuals may suffer occasionally than to permit a rule subjecting the public to injury through the possibility of carelessness or corruptness of public officials. Individual cases may present apparent hardships but it is our duty to be guided by the law the same as it was plaintiff's decedent's duty to be so guided in the first instance.

352 Mo. 430, 175 S.W.2d 874, 885 (Mo. 1943), *modified in other respects*, 352 Mo. 430, 179 S.W.2d 108 (Mo. banc. 1944).

■ Those contracting with entities subject to § 432.070 are charged with knowing the statutory requirements (*see*

*Southwest Tracor*, 71 S.W.3d at 215–16), which courts should not hesitate to enforce even if it yields a harsh result. *Ballman v. O'Fallon Fire Protection Dist.*, 459 S.W.3d 465, 468 (Mo.App. 2015).

We reject RSSI's lengthy argument that Port Authority, formed by Pemiscot County under RSMo chapter 68, is not a "municipal corporation" for purposes of § 432.070.

Missouri cases long have distinguished "municipal corporation," as technically defined, from the "larger and ordinarily accepted sense" of that term applicable to any public local corporation exercising some function of government or performing some essential public service. *See, e.g., Laret Inv. Co. v. Dickmann,* 345 Mo. 449, 134 S.W.2d 65, 68 (Mo. banc. 1939). Our supreme court "has adopted the broader definition" in cases considering various public entities and several constitutional and statutory provisions. *Id.* (citing cases back to 1912). Bodies determined to be "municipal corporations" in such cases have included fire protection districts, special road districts, sewer and drainage districts, housing authorities, and county health departments. *Id.*; *see also State ex rel. Lebanon Sch. Dist. R–III v. Winfrey*, 183 S.W.3d 232, 235 n.2 (Mo. banc 2006); *City of Olivette v. Graeler*, 338 S.W.2d 827, 835–36 (Mo. 1960) (overruled on other grounds); *also see State ex rel. Crites v. West*, 509 S.W.2d 482, 484 (Mo.App. 1974). Specifically as to § 432.070, *see Duckett Creek Sewer Dist. v. Golden Triangle Dev. Corp.*, 32 S.W.3d 178, 182 (Mo.App. 2000); *McCarthy v. Cmty. Fire Prot. Dist. of St. Louis Cty.*, 876 S.W.2d 700, 704 (Mo.App. 1994).

RSSI acknowledges the broader sense of the term and Missouri cases applying it, but portrays Port Authority as an economic development agency more than a provider of essential public services. Assuming

*arguendo* that RSSI is correct, our Western District recently deemed an industrial development authority, a redevelopment corporation, and an economic development corporation all to be broad-sense municipal corporations subject to and protected by § 432.070. *Septagon Constr. Co. v. Ind. Dev. Auth. of City of Moberly*, No. WD79474, 521 S.W.3d 616, 625–26 & n.1, 2017 WL 892550 at *7–8 & n.1 (Mo.App. March 7, 2017). Point denied.[7]

## Point III

■■■ By its terms, § 432.070 governs contracts made by a "county, city, town, village, school township, school district or other municipal corporation." We are skeptical of RSSI's Point III complaint that "other municipal corporation" renders the statute unconstitutionally vague, considering the above-cited cases and others over the decades that have construed "municipal corporation" with respect to § 432.070 and other laws. That said, we need not and do not reach the issue.

■■■ "Constitutional issues are waived unless raised at the earliest possible opportunity consistent with orderly procedure." *Hollis v. Blevins*, 926 S.W.2d 683,

683 (Mo. banc 1996). In its petition, Port Authority alleged that it was an "other municipal corporation" subject to § 432.070 and statutory noncompliance rendered RSSI's agreement void. So from the outset, RSSI understood that § 432.070, and whether Port Authority was an "other municipal corporation" subject thereto, were in play. RSSI could and should have raised its constitutional challenge when it answered the petition, or by motion to strike or dismiss. *See Bauldin v. Barton Co. Mut. Ins. Co.*, 666 S.W.2d 948, 951 (Mo.App. 1984).

RSSI's answer raised many other affirmative defenses (laches, unclean hands, fraud, unjust enrichment, waiver, adequate remedy at law, ratification, equitable and judicial estoppel), but no constitutional challenge as to § 432.070, nor was any mentioned in RSSI's counterclaim or its earlier motion to dismiss.[8] Nearly two years passed before RSSI voiced its current complaint in suggestions opposing summary judgment,[9] which "came too late, as the trial court undoubtedly recognized, to resurrect the expired constitutional issue." *Id.* "There was no valid constitutional issue before the trial court, and there is

7. RSSI's fall-back argument of substantial compliance with § 432.070 ignores what RSSI needed to show to support such a claim. *See Moynihan v. City of Manchester*, 265 S.W.3d 350, 354 (Mo.App. 2008) (compliance, strict or substantial, with § 432.070 written-authorization requirement not established unless public-entity records disclose authorization for contract execution that is not vague or uncertain, but reasonably exact and specific in identifying subject matter under consideration). Instead, RSSI bafflingly asserts that its president and Port Authority's executive director are the true contracting parties; that these gentlemen "are not agents of the parties, they are the parties"; and that "no agent signed [the agreement] but the actual party, so no written authorization is required." Such assertions find no support in the record or, to our knowledge, in the law generally. As to RSSI's suggestions that the agreement itself

indicates board authorization, that document "cannot, *ex post facto*, provide the authorization for its execution." *Moynihan*, 265 S.W.3d at 356.

8. RSSI omitted its failed motion to dismiss from the record on appeal, but concedes by brief that it first raised its constitutional claim in June 2015 suggestions opposing summary judgment.

9. See prior note. There was a similar pattern on appeal. Some four months after lodging its appeal in this court, RSSI "came to the belief" that appellate jurisdiction was with our supreme court based on the instant claim. *See* Mo. Const. Art V, § 3. RSSI asked our supreme court to initiate a transfer, which our supreme court declined.

none here. The point was not properly preserved for review, and is denied." *Id.* Judgment affirmed.

NANCY STEFFEN RAHMEYER, J.— CONCURS

WILLIAM W. FRANCIS, JR., J.— CONCURS