PER CURIAM.
*436 Jerry Howard appeals from a summary judgment entered in favor of the Shirla Howard Revocable Living Trust (the "Trust") in an action to settle ownership of a bank account. We must reverse and remand because the summary-judgment record does not establish a right to judgment as a matter of law.
Background[1]
In 2000, Shirla opened an individual checking account ("Account") with First National Bank ("Bank") and named Jerry, her husband, as the pay-on-death ("POD") beneficiary. Two years later, Shirla established the Trust.
After Shirla died in 2015, Jerry claimed Account ownership by virtue of Shirla's POD designation.[2] Shirla's son Michael Penney, as the Trust's successor trustee, countered that Shirla had transferred the Account to the Trust in 2002, thereby terminating the prior POD designation.[3]
Bank petitioned to interplead the funds. Jerry and the Trust each counterclaimed against Bank and cross-claimed against one another. The court ordered that the funds be paid into court, but refused to dismiss Bank from the case.[4]
Jerry and the Trust cross-moved for summary judgment on their competing claims to the Account. The court granted the Trust's motion and certified the judgment for appeal pursuant to Rule 74.01(b).[5]
The parties' appellate arguments frame a narrow issue: Did the summary-judgment record establish that Shirla changed Account ownership "from herself individually to the Trust" as asserted by paragraph 7 of the Trust's Rule 74.04(c) statement of uncontroverted material facts ("SUMF")?
Principles of Review
Summary judgment's role under Missouri's fact-pleading scheme "is to identify cases (1) in which there is no genuine dispute as to the facts and (2) the *437 facts as admitted show a legal right to judgment for the movant." ITT , 854 S.W.2d at 380. A successful movant must "show a right to judgment flowing from facts about which there is no genuine dispute." Id. at 378. Appellate review is "essentially de novo " without deference to the trial court's determination. Id . at 376.
"Facts come into a summary judgment record one and only one way -as separately-numbered paragraphs and responses per Rule 74.04(c)." Pemiscot County Port Auth. v. Rail Switching Services, Inc. , 523 S.W.3d 530, 534 (Mo.App. 2017). When summary judgment is challenged as to its factual propriety, we scrutinize the facts in the numbered paragraphs and responses. Id. Our review is confined to these facts only and does not extend to the entire record before the trial court. Lackey v. Iberia R-V Sch. Dist. , 487 S.W.3d 57, 60-61 (Mo.App. 2016). Although we focus on the material facts, the accompanying references help us determine whether there is a genuine issue as to the existence of a material fact. Custer v. Wal-Mart Stores E. I, LP , 492 S.W.3d 212, 215 (Mo.App. 2016).
SUMF Paragraph 7 and Support
Paragraph 7 of the Trust's SUMF - that Shirla changed Account ownership "from herself individually to the Trust" - was indispensable to the Trust's right to summary judgment and the only paragraph that Jerry denied.
The Trust urges that summary judgment was proper because Jerry's denial was "merely argumentative, imaginary, or frivolous." See ITT , 854 S.W.2d at 382. Specifically, the Trust refers to its cited Rule 74.04(c) support for paragraph 7, describing it as "overwhelming evidence":
• A printout of Bank's computer record indicating that ownership of the Account was changed from Shirla Howard to "REVOCABLE LIVING TRUST."
• Account statements issued by Bank in the name of the "Shirla Howard Revocable Living Trust."
• Samples of checks drawn on the Account and purportedly signed by Shirla.
• Trust documents held in Bank's files.
• Penney's affidavit stating that "Shirla Howard told me that she had transferred property, including her bank account, to the Trust on the advice of her attorney."
• Bank president's deposition testimony and Bank's interrogatory answer, both to the effect that the Trust owned the Account.
Jerry counters that the foregoing material was hearsay or otherwise insufficient to justify summary judgment. We agree.
"Hearsay statements cannot be considered in ruling on the propriety of summary judgment. Only evidence that is admissible at trial can be used to sustain or avoid summary judgment. Documents, to be admissible, must meet authentication and hearsay foundational requirements." Jones v. Union Pac. R.R. Co., 508 S.W.3d 159, 162 (Mo.App. 2016) (internal punctuation and citations omitted).
We cannot consider any Bank documents or records cited by the Trust because none was authenticated or supported by a business-records foundation via affidavit or deposition testimony. Id .[6]
*438 Also hearsay was Penney's affidavit about what Shirla "told" him. Absent some hearsay exception, and the Trust suggests none, affidavits based on hearsay cannot be considered on summary judgment. May & May Trucking, L.L.C. v. Progressive Nw. Ins. Co., 429 S.W.3d 511, 516 (Mo.App. 2014).[7]
As for Trust documents in Bank's file, even if we could credit a late-tendered business-records affidavit (see note 6), Bank's possession of third-party documents did not convert them into business records. Jones , 508 S.W.3d at 163-64. Also, because Bank had loaned money to the Trust, one could not fairly say Bank's only reason to have Trust documents was that the Trust owned the Account, especially when Bank kept those documents in a binder under Shirla's name with no connection tying them specifically to the Account.
As to Bank's president's statements that Shirla transferred the Account and that the Trust owned it, we cannot brand Jerry's dispute as "merely argumentative, imaginary, or frivolous" when Bank's president also testified that:
• Shirla opened the Account by signature card; such accounts could not be modified without closing the account and opening another; and those things did not happen.
• The account agreement had not been changed since the Account was opened in 2000.
• Bank's only signed Account document is the original signature card reflecting Shirla as the owner, and no signed document reflects Trust ownership of the Account.
Finally, Bank's president also testified, as to Bank's discovery statement that the Account was converted from an individual account to a trust account in 2002, as follows:
Q. Well, we've gone over that, and there really was no change in the account agreement; correct?
A. Correct.
Q. And all you have is some computer printout that you say you don't know what it means; correct?
A. Correct.
Q. And so really you don't have any basis to make this statement; correct?
A. The account again was.
Q. You don't have a basis to make this statement; is that correct?
A. Correct.
Conclusion
Jerry's paragraph 7 Account-transfer dispute is not "merely argumentative, imaginary, or frivolous" on this summary-judgment record. Without that fact, the Trust cannot establish its right to judgment as a matter of law. We reverse the summary judgment and remand for *439 further proceedings consistent with this opinion.[8]

We refer to Jerry and Shirla Howard by their first names for reader convenience, and view the record most favorably to Jerry, against whom summary judgment was entered. See ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp. , 854 S.W.2d 371, 376 (Mo. banc 1993). Statutory citations are RSMo 2000; rule references are Missouri Court Rules (2017).

See § 461.028.5 ("An account record ... that contains a transfer on death direction written as part of the name in which the property is held or registered, is conclusive evidence ... that the direction was regularly made by the owner and accepted by the transferring entity, and was not revoked or changed prior to the death giving rise to the transfer....").

See § 461.033.5 ("A transfer during the owner's lifetime of the owner's interest in property, with or without consideration, terminates the beneficiary designation with respect to the property transferred.").

Bank's interpleader petition named the Trust as a defendant. Later, successor trustee Penney was substituted, but the court and parties continued to use the original case caption, as do we per Rule 81.04(b). Despite our shorthand references to Trust ownership or Trust property, it is the fundamental nature of property ownership in trust that a trustee holds legal title and a beneficiary holds equitable title. See Moore v. Moore, 111 S.W.3d 530, 533 (Mo.App. 2003).

The Trust dismissed its counterclaim against Bank, but Jerry's counterclaim still pends below.

Apparently recognizing this failing, the Trust moved to supplement the summary-judgment record after the motion hearing, primarily with a business-records affidavit from Bank. The record does not reflect that the court ruled on that motion. Because the proposed supplement did not come into the summary-judgment record as part of the initial motion, response, or by leave of court, it was not authorized by Rule 74.04(c) and we cannot consider it. See Jones , 508 S.W.3d at 163 n.9 ; Cross v. Drury Inns, Inc., 32 S.W.3d 632, 636-37 (Mo.App. 2000) ; Rule 74.04(c)(5). For that matter, even if we could consider the negotiated checks, the signature (if Shirla's) bears no indication that it was made in a trustee capacity rather than an individual capacity.

The Trust argues that the affidavit was not offered for the truth of Shirla's purported statement, but to explain Bank conduct. Not only is this unpersuasive, but it seems to implicitly admit that the affidavit does not establish the fact for which it is cited in the SUMF. Moreover, Penney testified at deposition that he was not certain that Shirla was referring to this Account as opposed to another.

Jerry's complaints about the denial of his summary-judgment motion fail summarily. A summary-judgment denial generally is not an appealable final judgment unless the merits intertwine with an appealable summary judgment granted to another party. Columbia Mut. Ins. Co. v. Heriford , 518 S.W.3d 234, 245 n.2 (Mo.App. 2017). Even if that exception applies arguendo , the Account-ownership dispute unresolved by this summary-judgment record defeats Jerry's motion as well.