

# Missouri Court of Appeals
## Southern District

### In Division

J.D., a minor, by and through next Friend, )
MELISSA STORMENT, )
)
   Plaintiff-Appellant, )
)
  v. )    No. SD37824
)
JENNIFER SANDERS, )   **Filed: May 3, 2024**
DR. MARK PIPER, and HARTVILLE R-II )
SCHOOL DISTRICT, )
)
   Defendants-Respondents. )

APPEAL FROM THE CIRCUIT COURT OF WRIGHT COUNTY

The Honorable R. Craig Carter, Judge

## DISMISSED

J.D. appeals the trial court's judgment granting summary judgment in favor of the

Hartville R-II School District (the "District"), the superintendent of the District – Mark

Piper ("Superintendent"), and a principal of a high school in the District – Jennifer

Sanders ("Principal") (collectively, "Defendants"). J.D. raises four points on appeal:

three points claiming the trial court erred in granting summary judgment on the ground

Defendants did not violate her First Amendment rights because J.D.'s alleged statement

was not a "true threat" (Point I), her alleged statement did not cause a "substantial

disruption" (Point II), and her alleged statement did not warrant any "reasonable

1

forecast" exception (Point III); and one point claiming the trial court erred in granting summary judgment on the ground Defendants did not violate her Fourteenth Amendment rights because J.D. "did not get a meaningful opportunity to be heard by the school board" because the hearing was predetermined and a "*fait accompli*" (Point IV). We are unable to address the merit of these points on appeal because J.D.'s brief fails to recite the facts as required by Rule 84.04, and that failure materially impedes our impartial review of her claims.[1]

## Factual Background and Procedural History

<u>J.D.'s Reported Statement and the District's Investigation</u>

On September 26, 2019, A.L. was at a local Dollar General store when she heard J.D. say to her mother, "I wouldn't do that here; I would shoot up the school instead."[2] A.L. told at least one friend what she heard, and two students told Principal that A.L overheard J.D. make a threat about shooting up the school. Principal notified law enforcement and then questioned A.L. Principal, a school resource officer, and a police officer then searched J.D.'s locker and found drawings depicting bloody weapons, women chained at the neck, a bleeding person with an arrow shot into his or her throat,

---

[1] All rule citations are to Missouri Court Rules (2023), unless otherwise indicated.

[2] J.D. "denied" she said "I would shoot up the school instead" in response to Defendants' summary judgment motion, but, contrary to Rule 74.04(c)(2), none of her offered evidence supported J.D.'s denial. Pursuant to Rule 74.04(c)(2), "[a] denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Because her denial failed to conform with Rule 74.04(c)(2), this fact is "deemed admitted." ***Exec. Bd. of Mo. Baptist Convention v. Windermere Baptist Conf. Ctr., Inc.***, 430 S.W.3d 274, 283 (Mo. App. S.D. 2014).

and a couple with Glasgow smiles.[3] Writings in J.D.'s locker referenced or alluded to death, betrayal, isolation, and vengeance.

Based on A.L.'s report and the materials found in J.D.'s locker, Principal placed J.D. on a 10-day out-of-school suspension and referred the matter to Superintendent. Following his own investigation, Superintendent extended the out-of-school suspension to 180 days, and J.D. appealed the decision to the District's Board of Education (the "Board"). The Board held a hearing on J.D.'s appeal of her out-of-school suspension on December 5, 2019, where J.D. was represented by counsel. On December 9, 2019, the Board voted to affirm J.D.'s suspension. It specifically found J.D. threatened to "shoot up the school" and that the threat was "prejudicial to good order and discipline at the school[.]"

### The Trial Court's Judgment

Following the Board's decision, J.D. filed suit against Defendants. Count I of her petition sought judicial review of the Board's decision under section 167.161.3, while Counts II and III alleged violations of her First and Fourteenth Amendment constitutional rights, respectively, under 42 U.S.C Section 1983 (1996).[4] Defendants moved for summary judgment on all counts, which the trial court granted in their favor. The trial court determined J.D.'s statement was not speech protected by the First Amendment and that she received all the due process rights she was entitled to under the Fourteenth Amendment. J.D. appeals the trial court's judgment granting summary judgment in

---

[3] A "Glasgow smile" is a scar or wound running across someone's face from the corners of his or her mouth up to the ears.

[4] All references to statutes are to RSMo Cum.Supp. 2022, unless otherwise indicated.

Defendants' favor but only as to Counts II and III.[5]  Any claim as to Count I is waived. Rule 84.13(a).

## Standard of Review

Summary judgment is appropriate when the moving party "establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law."  ***Green v. Fotoohighiam***, 606 S.W.3d 113, 115 (Mo. banc 2020) (quoting ***Goerlitz v. City of Maryville***, 333 S.W.3d 450, 452-53 (Mo. banc 2011), *abrogated on other grounds by* ***Glendale Shooting Club, Inc. v. Landolt***, 661 S.W.3d 778, 785 (Mo. banc 2023)).  Where, as here, a defending party is the movant seeking summary judgment, he or she must prove (1) facts negating any element of an alleged claim, (2) the non-moving party has not been able to, and will not be able to, produce evidence sufficient to establish any one of the necessary elements of a claim after a reasonable discovery period, or (3) there is no genuine dispute as to the facts necessary to support an affirmative defense.  ***Lisle v. Meyer Elec. Co.***, 667 S.W.3d 100, 103 (Mo. banc 2023).  If the movant meets any of these burdens, he or she has made a *prima facie* showing of a right to judgment as a matter of law, and the non-moving party may forestall summary judgment by showing – with reference to the discovery, exhibits, or affidavits on file – "that one or more of the material facts shown by the movant to be above any genuine

---

[5] The trial court additionally found neither Principal nor Superintendent violated J.D.'s clearly established rights, and thus they were "cloaked with qualified immunity as to all of [J.D.'s] civil rights claims."  J.D. does not contest the trial court's grant of summary judgment in favor of Principal and Superintendent on the basis they are entitled to qualified immunity.  We therefore treat any argument regarding qualified immunity as waived.  Rule 84.13(a) ("[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal . . . [.]").

4

dispute is, in fact, genuinely disputed." ***Hartwell v. Am. Fid. Assurance Co.***, 607 S.W.3d 807, 813 (Mo. App. S.D. 2020) (quoting ***Great S. Bank v. Blue Chalk Constr., LLC***, 497 S.W.3d 825, 829 (Mo. App. S.D. 2016)); Rule 74.04(c)(2).

Upon the entry of summary judgment, we review the facts and reasonable inferences therefrom in the light most favorable to the non-moving party. ***Green***, 606 S.W.3d at 116. Our review does not consider the entire trial court record but, instead, we only look to the facts from the summary judgment record as established through the non-moving party's responses to a motion for summary judgment under the "numbered-paragraphs-and-responses framework." ***Id.*** at 117 (quoting ***Jones v. Union Pac. R.R. Co.***, 508 S.W.3d 159, 161 (Mo. App. S.D. 2016)). Reviewing only this summary judgment record, "[w]e must determine whether *uncontroverted* facts established via Rule 74.04(c) paragraphs and responses demonstrate [the movant's] right to judgment *regardless of other facts or factual disputes*." ***Pemiscot Cnty. Port Auth. v. Rail Switching Servs., Inc.***, 523 S.W.3d 530, 534 (Mo. App. S.D. 2017). An appellate court "reviews the grant of summary judgment *de novo* and will affirm if summary judgment was appropriate on any basis supported by the record." ***Wilson v. City of St. Louis***, 662 S.W.3d 749, 754 (Mo. banc 2023). Questions of law are likewise evaluated *de novo*. ***Hartwell***, 607 S.W.3d at 810.

### Analysis

Appellants have "the duty to define the scope of the controversy by stating the relevant facts fairly and concisely." ***Pemiscot Cnty. Port Auth.***, 523 S.W.3d at 534 (quoting ***Chopin v. Am. Auto Ass'n of Missouri***, 969 S.W.2d 248, 251 (Mo. App. S.D. 1998)). A brief containing a statement-of-facts section with "practically no facts relating

to any issue raised on appeal does not comply with Rule 84.04(c)[,]" and this violation constitutes grounds for dismissal of an appeal. *Chopin*, 969 S.W.2d at 251. "The facts relevant to a judgment produced by the Rule 74.04 process of summary judgment are solely those set forth in the [movant's] Statement of Uncontroverted Material Facts *and* responses thereto[.]" *Lisek v. Taber*, 674 S.W.3d 525, 526 (Mo. App. S.D. 2023) (emphasis added). Accordingly, and when appealing a judgment granting summary judgment, an appellant's brief "should [] set forth the material facts established by Rule 74.04(c)(1) and (2), together with the pages in the legal file where such facts were established." *Wichita Falls Prod. Credit Ass'n v. Dismang*, 78 S.W.3d 812, 815 (Mo. App. S.D. 2002) (quoting *Chopin*, 969 S.W.2d at 251).

Following our standard of review and Rule 84.04(c), J.D.'s brief had to recount the uncontroverted material facts as established from Defendants' summary judgment motion *and* her responses thereto. *See Lisek*, 674 S.W.3d at 526-27. Instead, the statement of facts in J.D.'s brief relies almost entirely on her own Statement of Additional Material Facts, Motion for Leave to Supplement Her Response to Defendants' Statement of Uncontroverted Material Facts, and accompanying exhibits. These sources do not include J.D.'s responses to Defendants' Statement of Uncontroverted Material Facts or Defendants' responses to her filings, giving this Court no indication whether J.D.'s asserted facts are truly uncontroverted and material. J.D. supports only one factual proposition in her six-page statement of facts with a citation to one of her admissions made in response to the Defendants' Statement of Uncontroverted Material Facts. Other than this one citation, she does not direct this Court to her consecutively numbered

6

responses to Defendants' Statement of Uncontroverted Material Facts or Defendants' enumerated responses to her Statement of Additional Material Facts.

"A statement of facts that does not identify:  (1) the material facts established by a party's motion for summary judgment and the party opposing the motion for summary judgment's response, or (2) the material facts, if any, pled in the motion for summary judgment properly denied by the opposing party's response, violates Rule 84.04(c)"; and constitutes grounds for dismissal.  **Windermere**, 430 S.W.3d at 284.  Because J.D.'s brief does not identify the uncontroverted material facts as established by Defendants' motion for summary judgment and her responses thereto, J.D.'s brief effectively contains no facts.  **Id.**  J.D.'s "failure to identify the *relevant* facts established per Rule 74.04(c) violates Rule 84.04(c) and justifies dismissal or denial of" her appeal.  **Pemiscot Cnty. Port Auth.**, 523 S.W.3d at 534.  Were we to excuse this briefing, we would have to survey the entire record to determine the material facts as established by Defendants' motion for summary judgment and which material facts J.D. properly denied in her responses.  This Court would, in turn, impermissibly act as an advocate for J.D and render Rule 74.04 "meaningless."  **Green**, 606 S.W.3d at 118; *see also* **Lisek**, 674 S.W.3d at 527 ("[W]e have no duty to search the transcript or record to discover the facts which [might] substantiate a point on appeal.") (quoting **Wilson v. Carnahan**, 25 S.W.3d 664, 667 (Mo. App. W.D. 2000)).

Further violating Rule 84.04(c), J.D.'s statement of facts does not present a "fair and concise statement of the facts relevant to the questions presented for determination *without argument*."  Rule 84.04(c) (emphasis added).  Her statement of facts includes multiple instances of pure argument such as attacking A.L.'s credibility, describing the

District's terrorism and risk threat assessment as producing "exaggerated scores," accusing the Board's hearing of being "a sham[,]" and claiming the Board's decision to uphold J.D.'s suspension "was no more than a ratification of the prior decision made by [Superintendent]." This language, "argumentative[], and completely ignoring her briefing obligations[,]" preserves nothing for review. ***Green v. Shiverdecker***, 514 S.W.3d 41, 44 (Mo. App. W.D. 2017). J.D. also failed to support several of her factual assertions with citations to the record. This repeated and pervasive noncompliance with Rule 84.04(c) justifies dismissal here.[6] ***Windermere***, 430 S.W.3d at 285-86.

## Conclusion

While this Court prefers to resolve appeals on their merits, J.D. failed to present an argument for reversible error based upon the summary judgment record, and thus nothing is preserved for review. ***Lisek***, 674 S.W.3d at 527. This appeal is dismissed.


JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DON E. BURRELL, J. – CONCURS

---

[6] Per Rule 84.04(e), all appellant briefs must include a concise preservation statement for each point relied on. The preservation statement must "precisely identify with specific page references to the relevant portion of the record on appeal both" the challenged trial court ruling or action and how the appellant presented the alleged error to the trial court before appeal. ***Hale v. Burlington N. & Santa Fe Ry. Co.***, 638 S.W.3d 49, 61 (Mo. App. S.D. 2021). J.D. failed to comply with Rule 84.04(e) by not including a preservation statement for any of her points relied on. This failure constitutes yet another basis for dismissal. ***Young v. Missouri Dep't of Soc. Servs.***, 647 S.W.3d 73, 78 (Mo. App. E.D. 2022).