

# Missouri Court of Appeals
## Southern District

### In Division

MARTIN LEIGH, PC, )
)
    Respondent, ) No. SD38172
)
v. ) **Filed: September 19, 2024**
)
BETTY WILLIAMSON, ET AL., and )
DAN HORGAN, ET AL., )
)
    Respondents, )
)
and )
)
LOANCARE, LLC., )
)
    Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

#### Honorable Jeffrey M. Merrell, Judge

**DISMISSED**

This summary judgment appeal derives from a long series of home loans,

refinances, assignments, releases, and ultimately a now-contested foreclosure.[1]

---

[1] The parties in this case include various lienholders, the borrowers who defaulted on the promissory note, the successor trustee, who conducted the foreclosure sale, and the individuals who purchased the property at the foreclosure sale. For ease of analysis and clarity, we refer to these parties in accordance with their relationship to the contested foreclosure rather than by their names. Respondent Martin Leigh, P.C., the successor trustee, which conducted the foreclosure sale, is referred to as "Successor Trustee." Respondent Wilmington Savings Fund Society, FSB, DBA Christiana Trust, Not Individually But as Trustee for Ventures Trust 2013-I-H-R, is referred to as "the holder of the deed of trust." Respondents Ermal and Betty Williamson, the individuals who defaulted on the promissory note, are referred to as "Borrowers." Respondents Dan Horgan, "unknown spouse of Dan Horgan," Kelly Johnson, and Michael Fowler, the parties who purchased the property at the foreclosure sale, are referred to as "Purchasers."

Appellant LoanCare, LLC ("LoanCare") appeals from the trial court's judgment in five points.[2]  Because LoanCare fails to recite the facts as required by Rule 84.04, which materially impedes our review, we do not reach the merits of LoanCare's points.[3]  LoanCare's appeal is dismissed.

## Background

Borrowers financed the purchase of a house through a lender, and executed a promissory note and a deed of trust.  The holder of the deed of trust appointed Martin Leigh, P.C. as Successor Trustee.  After Borrowers defaulted on the terms of the promissory note, Successor Trustee conducted the foreclosure sale of the house, where it was bought by Purchasers.  Through the series of loan transactions associated with the home, LoanCare obtained a junior lien on the home, which was wiped out by the foreclosure sale.

Successor Trustee filed an amended petition for interpleader against Borrowers and other lienholders to determine how the proceeds from the foreclosure sale should be distributed.  LoanCare was substituted for one of the parties, and filed the following:  (1) a counterclaim against Successor Trustee alleging a claim for wrongful foreclosure; (2) a third-party petition against Purchasers, for a declaratory judgment, seeking to declare the foreclosure sale void; (3) a cross-claim against Borrowers and several lenders,

---

[2] LoanCare claims the trial court erred in entering summary judgment in favor of Respondents and against LoanCare because:  (1) there is an exception to the general rule that a party cannot seek redress in equity if it has an adequate remedy at law, which the trial court failed to apply; (2) the trial court made unauthorized credibility determinations; (3) LoanCare is entitled to judgment as a matter of law because Successor Trustee failed to give notice to Borrowers at their home in Arizona, as required by section 443.325.3(3); (4) LoanCare is entitled to judgment as a matter of law because the power of attorney, which purported to give Successor Trustee the power to conduct the foreclosure sale, was not recorded before the foreclosure; and (5) LoanCare is entitled to judgment as a matter of law because Successor Trustee failed to give notice of the foreclosure to LoanCare's predecessor, Ditech Financial, LLC ("Ditech").

[3] All rule references are to Missouri Court Rules (2024).

alleging unjust enrichment against Borrowers, money had and received against Borrowers, a declaratory judgment against all named defendants; and (4) a cross-claim for interpleader of funds against all co-defendants.

LoanCare filed a motion for summary judgment on its declaratory judgment and wrongful foreclosure claims, alleging it was entitled to judgment as a matter of law because the undisputed facts showed Successor Trustee lacked authority to conduct the foreclosure sale and failed to provide proper notice of the sale to Borrowers. Respondents filed cross-motions for summary judgments on LoanCare's claims.[4] The trial court denied LoanCare's motion for summary judgment and granted Respondents' motions for summary judgment. The trial court found: (1) LoanCare is unable to meet its burden of proof on its claims for a declaratory judgment because it has an adequate remedy at law; (2) LoanCare is not entitled to judgment as a matter of law on its claim against Successor Trustee because the power of attorney through which Successor Trustee was appointed was not required to be recorded to be effective; and (3) LoanCare's allegation that Borrowers did not receive proper notice of the foreclosure sale is not a material issue in the case because Borrowers do not claim they did not receive notice.[5]

### Principles of Review

Our review of the trial court's decision to grant summary judgment is *de novo*. *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020). "Our *de novo*

---

[4] Because LoanCare's points do not identify any specific claimed error as to the claims brought by Respondents, those claims are not relevant to this appeal.

[5] In addition to ruling against LoanCare on all of its claims, the trial court disposed of all other pending claims, including Successor Trustee's interpleader claim. The amended judgment noted a hearing should be scheduled to determine Successor Trustee's reasonable attorney fees and costs related to the interpleader claim.

standard of review means that we look at the summary judgment issues presented on appeal as the trial court should have initially under Rule 74.04, and we give no deference to the trial court's ruling." *Great Southern Bank v. Blue Chalk Constr., LLC*, 497 S.W.3d 825, 834 (Mo. App. S.D. 2016). We review the record in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record. *Green*, 606 S.W.3d at 115-16.

"Summary judgment practice in Missouri is governed by Rule 74.04 and [our Supreme Court's] decision in *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993)." *Green*, 606 S.W.3d at 116. Summary judgment "shall be entered if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" *State ex rel. Koster v. Olive*, 282 S.W.3d 842, 846 (Mo. banc 2009) (citing Rule 74.04(c)(6)).

While we apply *de novo* review to summary judgment, it does not grant an appellant a license to craft arguments free from the constraints of Rule 74.04. *Blue Chalk*, 497 S.W.3d at 836. "Rather, our *de novo* decision on appeal must be in accordance with *all* the requirements of Rule 74.04 and, therefore, must be made in the very same manner the trial court should have applied that rule in the first instance." *Id.* This means that "[o]ur review does not consider the entire trial court record but, instead, we *only* look to the facts from the summary judgment record as established through the non-moving party's responses to a motion for summary judgment under the 'numbered-paragraphs-and-responses framework.'" *J.D. by and through Storment v. Sanders*, 688 S.W.3d 828, 832-33 (Mo. App. S.D. 2024) (quoting *Green*, 606 S.W. 3d at 117) (emphasis added). "Reviewing only this summary judgment record, '[w]e must determine whether *uncontroverted* facts established via Rule 74.04(c) paragraphs and responses demonstrate [the movant's] right to judgment *regardless of other facts or*

4

*factual disputes*.'" ***Id.*** (quoting ***Pemiscot Cnty. Port Auth. v. Rail Switching Servs., Inc.***, 523 S.W.3d 530, 534 (Mo. App. S.D. 2017)).

*Analysis*

Under Rule 84.04(c), an appellant has "the duty to define the scope of the controversy by stating the relevant facts fairly and concisely." ***Id.*** (quoting ***Pemiscot Cnty.***, 523 S.W.3d at 534). The facts relevant to a summary-judgment appeal "are solely those set forth in the [movant's] Statement of Uncontroverted Material Facts <u>and</u> responses thereto[.]" ***Id.*** (quoting ***Lisek v. Taber***, 674 S.W.3d 525, 526 (Mo. App. S.D. 2023)). This means when a party appeals a grant of summary judgment, the appellant's brief "should [ ] set forth the material facts established by Rule 74.04(c)(1) and (2), together with the pages in the legal file where such facts were established." ***Id.*** (quoting ***Wichita Falls Prod. Credit Ass'n v. Dismang***, 78 S.W.3d 812, 815 (Mo. App. S.D. 2002)). "A brief containing a statement-of-facts section with 'practically no facts relating to any issue raised on appeal does not comply with Rule 84.04(c)[,]' and this violation constitutes grounds for dismissal of an appeal." ***Id.*** (quoting ***Chopin v. American Auto. Ass'n of Mo.***, 969 S.W.2d 248, 251 (Mo. App. S.D. 1998)).

LoanCare failed to recount the uncontroverted material facts as established from the Statement of Uncontroverted Material Facts and the responses thereto. Instead, LoanCare relies solely on accompanying exhibits and does not at any point refer us to Respondents' responses to LoanCare's Statement of Uncontroverted Material Facts. For that reason, we have no indication whether LoanCare's asserted facts are truly uncontroverted and material. "A statement of facts that does not identify: (1) the material facts established by a party's motion for summary judgment and the party opposing the motion for summary judgment's response, or (2) the material facts, if any, pled in the motion for summary judgment properly denied by the opposing party's

response, violates Rule 84.04(c)[.]"  ***J.D.***, 688 S.W.3d at 833 (quoting ***Executive Bd. Of Mo. Baptist Conv. v. Windermere Baptist Conf. Ctr., Inc.***, 430 S.W.3d 274, 284 (Mo. App. S.D. 2014)).  By failing to identify the uncontroverted material facts as established by the motion for summary judgment and responses thereto, LoanCare's brief effectively contains no facts.  *See* ***id.***  To excuse this defect would require us to act as an advocate on LoanCare's behalf and scour the record to discover the facts that might support LoanCare's claims.  While we prefer to resolve appeals on the merits, LoanCare's violation of Rule 84.04(c) materially impedes our review.

### Conclusion

This appeal is dismissed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS